## 64709. WHATLEY v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of burglary and rape. He appeals from the judgment of conviction and sentence entered on the guilty verdicts.

1. Appellant's mother was called as a defense witness. During cross-examination, the assistant district attorney asked certain questions calculated to determine whether appellant's mother was afraid of or had reason to be intimidated by her son. Defense counsel objected to the cross-examination on the ground that "it may be putting [appellant's] character in evidence." This objection was overruled. Although appellant's mother answered the questions in the negative, appellant asserts on appeal that the questions themselves placed his character into issue. See generally *Perry v. State,* 154 Ga. App. 559, 560 (2) (269 SE2d 63) (1980).

"It is proper for the State's counsel, in the cross-examination of a witness for the accused, to bring out the relationship existing between the witness and the accused, for the purpose of showing the bias or prejudice of the witness, or for the purpose of showing the probability that the witness is testifying in behalf of the accused by reason of duress or fear." *Kimbrough v. State,* 9 Ga. App. 301 (70 SE 1127) (1911). See also *Collins v. State,* 129 Ga. App. 87 (2) (198 SE2d 707) (1973). It was not error, for any reason urged on appeal, to overrule the objection to the questions and to deny appellant's motion for mistrial.

2. Appellant asserts that, during the colloquy between the court and counsel concerning the cross-examination of appellant's mother, the assistant district attorney made a prejudicial statement of matters not in evidence. On appeal, appellant urges that the trial court erroneously denied a motion for mistrial predicated upon this violation of Code Ann. § 81-1009.

"A mistrial will not lie where the evidence is admitted without objection. [Cit.]" *McCormick v. State,* 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). Our review of the transcript demonstrates that, in the trial court, no motion for mistrial was made specifically based upon the statement of the assistant district attorney which is asserted on appeal to have been violative of Code Ann. § 81-1009. Appellant's "contentions under Code § 81-1009 may not be raised for the first time on appeal. [Cits.]" *Mayfield v. State,* 153 Ga. App. 459, 460 (2)

(265 SE2d 366) (1980). It appears that the only objection raised in the trial court was to the assistant district attorney's cross-examination of appellant's mother. For the reasons discussed in Division 1 above, it was not error to deny the motion for mistrial on the ground that appellant's character was placed into issue by the assistant district attorney's questions.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 4, 1983.

*Lawrence Lee Washburn,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Michael Whaley, Margaret V. Lines, Assistant District Attorneys,* for appellee.