## 73335. JACKSON v. THE STATE.
(350 SE2d 484)

BIRDSONG, Presiding Judge.

John Jackson, the appellant, appeals his conviction of the offense of burglary. On the night of November 12, 1984, someone burglarized the College Hill service station in Spalding County. Approximately $1,300 was taken. Appellant was working at the same service station in December and informed the owner he knew who had burglarized his station in November. The police were called and in a subsequent statement the appellant admitted he and his half-brother had burglarized the service station. Following his conviction, he brings this appeal. *Held*:

1. Appellant's counsel filed a motion for psychiatric evaluation, which was denied. The trial court's denial of this motion is enumerated as error. In the motion counsel stated that appellant "has told several different and conflicting versions of this incident and cannot assist his attorney in preparation for trial." At trial, counsel advised the court that the appellant had told him he had been in jail in another county when the burglary was committed, and on another occasion he said he was jogging by the station and saw the burglary take place, and finally counsel was told that appellant knew nothing about the burglary. Counsel cites *Drope v. Missouri*, 420 U. S. 162 (95 SC 896, 43 LE2d 103), as authority for his position that a psychiatrist should have been appointed to evaluate the accused prior to trial.

*Drope* held: "It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist [counsel] in preparing his defense may not be subjected to trial." Id. at 171. In an earlier case, *Pate v. Robinson*, 383 U. S. 375 (86 SC 836, 15 LE2d 815), the court had found that the failure of a trial court to protect an appellant's right not to be tried or convicted while incompetent deprived him of his due process right to a fair trial and set the standard as one "[w]here the evidence raises a *'bona fide'* doubt as to a defendant's competence to stand trial, the judge on his own motion must impanel a jury and conduct a sanity hearing. . . ." Id. at 385.

Then, in a related issue, in *Ake v. Oklahoma*, 470 U. S. 68 (106 SC 1087, 84 LE2d 53), the appellant had been found to be incompetent and was hospitalized. Later he was determined to be competent provided he continued to be sedated with an antipsychotic drug. Ake was tried and convicted. On appeal, the Supreme Court held that "when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense." Thus, the Fourteenth Amendment's due process clause was found to be violated when "as the result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding. . . ." In *Ake*, although the appellant had been found to be incompetent to stand trial, and then regained his competence, the issue switched to sanity at the time of the offense. The broad question involved in *Ake*, as well as the instant case, is whether the appointment of a psychiatrist was required for the appellant meaningfully to participate in his trial. Although *Ake* dealt principally with the issue of sanity, when it is considered in *pari materia* with *Pate* and *Drope*, supra, *Ake*'s guidelines are apropos for competency as well as sanity. *Ake* set forth a tripartite test: (1) the private interest affected by the action of the State, (2) the governmental interest to be affected if the safeguard is provided, and (3) "the probable value of the additional or substitute procedural safeguards that are sought, and the risk of an erroneous deprivation of the affected interest if those safeguards are not provided." Id. The private and governmental interests affected by the action of the State were the accuracy of the criminal proceedings. As to the value of the appointment of a psychiatrist to examine the accused, to gather psychiatric information, to analyze and draw plausible conclusions about appellant's mental condition and the possible effect of any mental disorder upon his acts at the time of the offense, and in the instant case, his ability to meaningfully participate in his own defense, such assistance can be crucial to a meaningful defense.

In the case before the bar, we must start with the statutory pre-

sumption that every person is "of sound mind and discretion but the presumption may be rebutted." OCGA § 16-2-3. Such state of mind inherently carries with it the "presumption of mental competency" (*Davenport v. State*, 170 Ga. App. 667 (1) (317 SE2d 895)) which is the mental ability and capacity to intelligently and meaningfully participate in one's defense. The burden of proof of incompetence, like insanity, is upon the appellant, and the amount of proof has been held to be by the preponderance of the evidence. See *Brown v. State*, 250 Ga. 66, 70-71 (295 SE2d 727). However, this analysis of the burden of proof does not settle the issue of when does the issue of incompetency arise to invoke the rule of necessity of appointment of a psychiatrist for an indigent accused? That issue was settled in *Pate*, supra, when the court held that "[w]here the evidence raises a *'bona fide'* doubt as to a defendant's competence to stand trial, the judge on his own motion must impanel a jury and conduct a sanity hearing. . . ." 383 U. S. at 385. *Ake*, supra, agrees with this earlier assessment, for the court found that an appellant's mental condition is not necessarily at issue in every criminal proceeding and that psychiatric assistance is not necessary on every occasion when an accused attempts to allege insanity. Most predictably, the necessity and probable value of a psychiatrist is when "the defendant's mental condition is seriously in question [e.g.] [w]hen the defendant is able to make an *ex parte* threshold showing to the trial court that his sanity [or incompetence] is likely to be a significant factor in his defense. . . ." Id.

In the instant case, the only showing made by counsel was that the appellant had given him three different versions of his knowledge, or lack of knowledge, of the offense charged, and this inhibited his preparation of a defense for the appellant. This evidence is insufficient to establish either a "bona fide doubt" as to appellant's competence or that "incompetence" of the appellant "is likely to be a significant factor."

The trial court did not err in denying the motion for psychiatric examination.

2. Admission of the appellant's statement to the police is claimed to be in violation of his *Miranda* rights. We do not agree. The appellant is 23 years of age and at the age of 13 had an illness which he claims affected his mental capability. There was testimony that appellant could neither read nor write, but could sign his name and print letters. The appellant was receiving "SSI" benefits and had attended a special school in an attempt to teach him how to function on a normal basis. There was also evidence that he attended but did not graduate from the twelfth grade. The police officials who took his statement, said appellant appeared to understand his rights which were explained to him, and looked as if he read the entire statement

before he signed his name.

This was an issue for the trial court and the jury. "A mere showing that [the defendant] was suffering from some mental disability was not a sufficient basis upon which to exclude his statements." *Blanchard v. State*, 247 Ga. 415, 418 (276 SE2d 593); *Corn v. State*, 240 Ga. 130 (3) (240 SE2d 694). In the absence of evidence that the court's findings were clearly erroneous or are a clear abuse of its discretion, its findings at a *Jackson-Denno* hearing will not be disturbed on appeal. *Sanborn v. State*, 251 Ga. 169, 170 (304 SE2d 377). The court's findings are not clearly erroneous and we have found no abuse of its discretion.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

### Decided November 6, 1986.

*Griffin E. Howell III*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Anne Cobb, James E. Sherrill, Assistant District Attorneys*, for appellee.