A91A1832. WHITE v. THE STATE.
(414 SE2d 328)

McMURRAY, Presiding Judge.
Defendant White appeals his conviction of three counts of armed

robbery, one count of robbery, and two counts of possession of a firearm by a convicted felon. *Held*:

Defendant contends the trial court erred in failing to sua sponte conduct a hearing to determine his competency when, during trial, it became apparent to the trial court that defendant might not be competent to stand trial. On the hearing of defendant's motion for new trial, defendant's trial counsel testified that during the trial defendant's demeanor toward him was hostile, belligerent, and uncooperative. "He kept making outbursts, muttering, calling witnesses liars, cussing me, cussing the prosecutor, just basically disruptive in the entire process." Trial counsel opined that defendant was not psychotic and stated that he did not question defendant's competence at that time. However, trial counsel also testified that he was in agreement when the trial court, at the conclusion of the trial, indicated that a psychiatric or psychological evaluation might be appropriate. On November 30, 1989, immediately following the trial of the case, trial counsel requested and the trial court ordered that a psychological evaluation be conducted of defendant. The psychological evaluation was conducted on January 7, 1990, and the psychologist opined that defendant was "decompensated" and was not competent to stand trial at the time of the evaluation. The psychologist offered no opinion as to defendant's mental status prior to the date of the evaluation.

During the sentencing of defendant on April 12, 1990, the trial court stated: "I think defense counsel and I know and from my own memory that at the time of trial we were concerned basically because of his demeanor here as to whether there may be something wrong with him." During the hearing on defendant's motion for new trial, defendant urged that this statement was sufficient to show a duty upon the trial court to conduct, sua sponte, a competency hearing regarding defendant. "A trial court must conduct, *sua sponte*, a competency hearing when the information known to the trial court at the time of the trial or plea bargain is sufficient to raise a bona fide doubt regarding the defendant's competence. *Pate v. Robinson*, 383 U. S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966); *McNair v. Dugger*, 866 F2d 399, 401 (11th Cir.), *cert. denied*, ___ U. S. ___ 110 S.Ct. 109, 107 L.Ed.2d 71 (1989). Courts focus on three factors in determining whether the trial court violated the defendant's procedural due process rights by failing to hold *sua sponte* a competency hearing: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial. *Drope v. Missouri*, 420 U. S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975). Such an analysis focuses on what the trial court did in light of what it knew at the time of the trial or plea hearing. *Reese v. Wainwright*, 600 F.2d 1085, 1091 (5th Cir.), *cert. denied*, 444 U. S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410

(1979)." *Tiller v. Esposito*, 911 F2d 575, 576. The requirement of a competency hearing is applicable even where the doubt regarding a defendant's competency arises during the course of a trial. *Bowden v. Francis*, 733 F2d 740, 747 (5). At the motion for new trial hearing on May 9, 1991, the trial court stated: "In this particular case, I was not sure because one of the things I think may have — I cannot recall specifically because I have not read that transcript, but I believe this man was quite active during the first part of the trial. Then I believe he became totally silent down in the trial. That's why I was asking to read me what I had said at the time I was fixing to sentence him or at the time I made the remark about having examined on the transcript. I think that he was the man that I can remember who was up and belligerent and having a lot to say. Then later in the trial, I think he almost had nothing to say, became completely silent. Just watching him I became concerned whether or not something was wrong with him mentally which would make it a problem for sentencing. . . ." The statements of the trial court, on the record during the sentencing and motion for new trial hearings, establish that defendant's demeanor at trial was such that the trial court had a bona fide doubt regarding the defendant's competence. While the trial court was sufficiently concerned about the mental competency of the defendant to immediately order a psychological evaluation upon the conclusion of the trial, it appears the trial court did not recognize that its doubt regarding defendant's competence required a hearing be conducted on this issue before continuing the trial.

The Supreme Court of Georgia "has previously addressed the question of an appropriate remedy for a Pate v. Robinson violation or for an error under Georgia law regarding the competence of a defendant. *Baker v. State*, [250 Ga. 187, 192-193 (297 SE2d 9)]. In accordance with *Baker*, we remand this case to the trial court to make, if possible, a determination of [defendant's] competence at the original trial.

" 'Upon remand the burden first falls upon the state to show there is sufficient evidence to make a meaningful determination of competency at the time of trial. If the court rules that a determination of [defendant's] competency at the time of his trial is not presently possible, then a new trial must be granted. If the court decides that such a determination is possible, the issue of competency to stand trial must be tried and the [defendant] shall have the burden to show incompetency by a preponderance of the evidence. The sole issue to be presented to the jury is that of mental incompetency; evidence as to guilt would be irrelevant. (Cit.) If the jury finds that the [defendant] was not mentally competent at the time of his trial, the verdict in the main case must be set aside. On the other hand, if the [defendant] fails by a preponderance of the evidence to prove incom-

petence at the time of his trial, the verdict of guilty shall stand.

" 'In the event the verdict of guilty is set aside and a new trial ordered as to guilt and innocence, the [defendant] may again raise the issue of competency by special plea pursuant to (OCGA § 17-7-130 (Code Ann. § 27-1502)).' *Baker v. State*, supra at 193.

"We will not presume that a determination of prior competence can be made, or, if it can be made, that a jury will determine that [defendant] was competent at the time of the previous trial. Therefore, we will not at this time review the remaining enumerations of error. If it is determined below that a new trial as to guilt and sentence is unnecessary, then, upon completion of the proceedings on remand, this case shall be re-presented to this court for resolution of the remaining issues and any additional issues that might be presented by the judgment on remand." *Lindsey v. State*, 252 Ga. 493, 497 (314 SE2d 881).

*Case remanded with direction. Sognier, C. J., and Andrews, J., concur.*

DECIDED JANUARY 6, 1992.

*L. David Wolfe & Associates, Susan E. Teaster*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Henry M. Newkirk, Assistant District Attorneys*, for appellee.