### A92A1879. MITCHELL v. THE STATE.
(427 SE2d 814)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault (OCGA § 16-5-21) and appeals from the judgment of conviction, sentence, and denial of his motion for a new trial.

The victim testified at trial that as she and her seven-year-old daughter were getting into their car in a mall parking lot, a man came up behind her and grabbed her. When she turned around to look at her assailant, he hit her in the face, threw her in the car, and told her he had a gun and would kill her. He went through her purse looking for money, but she did not have any. He then told the victim to move over and let him in the car. She looked up and said her husband was coming, and the assailant dropped the purse and fled. After the attacker fled, the victim reported the incident to mall security and the police, giving them a description of her assailant. Appellant was arrested across the street from the mall approximately forty-five minutes after the assault and approximately five minutes after the description of the attacker was transmitted over police radio. The attack occurred early in the afternoon on a very sunny day and a police officer testified that appellant fit the victim's description almost exactly. The victim identified appellant as her attacker at trial and had identified him from a photo line-up the day after the incident. Appellant's ex-girl friend testified as an alibi witness for him and stated that she had been talking on the phone with him at the time the attack occurred.

1. Appellant argues that the trial court improperly allowed the State to place his character in issue by eliciting testimony regarding appellant's prior bad acts during its cross-examination of his alibi witness. Specifically, he objects to the State's questions regarding two occasions on which appellant beat the witness so seriously that she took out warrants for his arrest. " 'It is proper for the State's counsel, in the cross-examination of a witness for the accused, to bring out the relationship existing between the witness and the accused, for the purpose of showing the bias or prejudice of the witness, or for the purpose of showing the probability that the witness is testifying in behalf of the accused by reason of duress or fear.' [Cits.]" *Whatley v.*

*State*, 165 Ga. App. 13 (1) (299 SE2d 87) (1983). As in *Whatley*, the State's questions in this case were for the purpose of showing that the witness may have had reason to fear or be intimidated by appellant, and "[a] defendant's character is not placed in evidence in the sense that doing so is proscribed where the evidence, offered for another purpose, may tend incidentally to do so. [Cits.]" *Collins v. State*, 129 Ga. App. 87, 88 (2) (198 SE2d 707) (1973). Contrary to appellant's assertions, the State's questioning on this subject was not needlessly repetitive or extensive, and the discussion of the aftermath of the arrests which appellant contends was highly prejudicial occurred outside the presence of the jury. Accordingly, the trial court did not err in denying appellant's motion for new trial on this ground.

2. Appellant contends that the evidence against him was insufficient because the victim was the only eyewitness and she did not view her assailant long enough or well enough to be able to state with certainty that appellant was her attacker. We disagree. The victim was attacked in broad daylight on a sunny day. Although the incident was brief, she was able to look directly at her assailant for at least several seconds. She gave a description of the attacker and his clothing to the police, and appellant matched this description almost exactly when he was arrested across the street from the mall approximately 45 minutes after the assault. The victim identified appellant from a photo array one day after the attack and independently from memory at trial. On cross-examination of the victim, appellant was able to emphasize to the jury the brevity of the victim's view of her assailant as well as the fact that she was upset at the time, but these factors did not demand a conclusion that the victim's identification of appellant was unbelievable. "The credibility of the witnesses is a question of fact for the jury. [Cit.]" *Howard v. State*, 165 Ga. App. 555 (1) (301 SE2d 910) (1983). Viewing the evidence in a light to support the verdict, rational jurors could find appellant guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In the same enumeration of error, appellant asserts that the victim's pre-trial identification of appellant from a photo line-up was improper because the procedures used may have been unduly suggestive of appellant's guilt. Having reviewed the record, we find nothing therein that "intimates" that the photo line-up procedures were improper as appellant suggests. Moreover, appellant made no objection at trial when the State briefly questioned the victim about the photo line-up; nor did he mention the line-up in his brief in support of his motion for new trial. Because this argument is presented for the first time on appeal, it presents nothing for review. *Holland v. State*, 197 Ga. App. 496 (1) (398 SE2d 810) (1990).

3. Lastly, appellant argues that the trial court erred in failing to

sua sponte inquire into appellant's competency prior to entry of judgment and sentencing, citing *Baker v. State*, 250 Ga. 187 (1) (297 SE2d 9) (1982). Appellant contends that the court was required to do so when appellant's mother testified in mitigation in a pre-sentence hearing that appellant had always been slow, could hardly read and write, had attended special education classes in school and had been called mentally retarded. In response to defense counsel's question regarding whether she thought appellant understood the proceedings, she responded that she did not think he did. "The constitutional guarantees require the trial court to inquire into competency, even when state procedures for raising competency are not followed, if evidence of incompetence comes to the court's attention." *Baker*, supra at 190. We reject the State's argument that appellant waived his right to a determination of competency because the alleged evidence of incompetence did not come to the court's attention until after the jury had rendered its verdict. See id. at 190-191 (" '[I]f at any time while criminal proceedings are pending, the court observes facts which raise doubt as to the sanity of the accused, or such facts are brought to its attention by counsel, the question of his sanity should be settled before further steps are taken.' [Cit.]") Thus, the question is posed: " 'Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense?' [Cit.]" Id. at 190. The information which gives rise to such a doubt generally will include reports of the accused's irrational behavior, the accused's demeanor at trial, or expert medical opinions regarding the accused's competency. See *Norris v. State*, 250 Ga. 38, 41 (3) (295 SE2d 321) (1982); *White v. State*, 202 Ga. App. 424, 425 (414 SE2d 328) (1992). While this list is not necessarily all-inclusive, we note that no information of this nature was present in this case. Moreover, at the time the court received appellant's mother's testimony, it had just finished a trial in which it had the opportunity to view appellant behaving normally and cooperating with counsel in his defense to the extent of producing an alibi witness. Under these circumstances, the testimony of appellant's mother did not constitute information which, objectively considered, should reasonably have raised a doubt about appellant's competency. Accordingly, the trial court did not err in failing to inquire further into appellant's competency sua sponte.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 9, 1993.

*Valerie T. Bryant,* for appellant.

*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney,* for appellee.