A93A1951. MULLINAX v. THE STATE.
(440 SE2d 720)

BEASLEY, Presiding Judge.
Mullinax, then age 17, was charged with committing aggravated sodomy by an act of anal sex against his four-year-old half brother. OCGA § 16-6-2 (a). DNA testing matched Mullinax's blood sample to

semen found on the child's underpants. Mullinax entered a non-negotiated plea of guilty to the aggravated sodomy charge and was sentenced following a pre-sentence investigation.

He contends that acceptance of the plea was a fundamental denial of due process because the report of an examining psychologist was "so equivocal and contradictory as to raise the issue of [his] competency to stand trial and raised a reasonable doubt as to his criminal culpability." He seeks a trial or hearing on his sanity, competency to stand trial, and ability to aid in his defense.

Mullinax had a juvenile history of criminal and sexually deviant behavior directed toward his siblings. When arrested, he was enrolled in a psycho-educational center which deals with pupils with severe behavior disorders and emotional problems. In the year before the incident, he had been in a youth center for nine months and was making behavioral progress. Regrettably, he was released prematurely due to the lack of funding. During the pre-sentence investigation he stated to the probation officer that he hated "little kids, and little girls especially."

The court-ordered evaluation followed defense counsel's filing of a "Notice of Intent of Defense to Possibly Raise Issue of Insanity or Mental Incompetence" pursuant to USCR 31.4. The evaluation, which was introduced at the sentencing hearing, was not contradictory or equivocal in its findings in regard either to Mullinax's competency to stand trial or his criminal responsibility.

1. As to competency to stand trial, the report stated that "Mullinax has a rudimentary but adequate understanding of the nature of criminal proceedings, is aware of and understands the nature of the charge against him (although his initial tendency was to deny comprehending the meaning of 'aggravated sodomy') and the seriousness and possible consequences to him (although here, too, he would seem to minimize the court's possible response if he is found guilty) . . . but even in spite of the limits he demonstrates with regard to this information, is still seen to be fit for trial." In taking the guilty plea earlier, the court had made an independent examination of defendant to ascertain the validity of the plea and was satisfied that it met the requisites.

"The question on review is 'Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense?' [Cit.]" *Baker v. State*, 250 Ga. 187, 190 (1) (297 SE2d 9) (1982). With these three capacity questions in mind, "[c]ourts focus on three factors in determining whether the trial court violated the defendant's procedural due process rights by failing to hold *sua*

*sponte* a competency hearing: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial. [Cit.] Such an analysis focuses on what the trial court did in light of what it knew at the time of the trial or plea hearing. [Cits.]" *White v. State*, 202 Ga. App. 424, 425 (414 SE2d 328) (1992).

Consideration of the three potential sources of evidence of incompetency in this case leads to the conclusion that the trial court was not alerted to any information or indication which should have left unresolved a doubt about Mullinax's competency to stand trial. There was no evidence of irrational behavior on Mullinax's part during the proceedings involving his plea and his subsequent sentencing. Mullinax's responses were coherent and his behavior appropriate during all recorded phases. He and his counsel also signed the guilty plea statement in which he assured the court that, among other things, he is mentally competent to petition for acceptance of the plea, told his attorney all the facts and circumstances known to him about the charges, was counseled and advised by his attorney, and offered to plead guilty freely, voluntarily, and with full understanding of the charge and of his rights.

2. Nor is there evidence that his legal sanity at the time of the offense would be a significant factor at a trial. See *Jones v. State*, 189 Ga. App. 232, 234 (2) (374 SE2d 110) (1988). As to criminal responsibility, the psychologist report stated that Mullinax "was able to distinguish between right and wrong regarding his behavior at the time of the alleged offense," although it cautioned that he was a "very disturbed young man" likely raised in a troubled family which affects the choices he makes. The psychiatric findings supported the court's findings.

In addition, his counsel did not pursue the defense he initially noticed as having possible validity.

Appellant has not established a denial of due process of law.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 4, 1994.

*Charles M. Taylor II, Robert S. Devins*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.