A97A0837, A97A0838. LOGGINS v. THE STATE (two cases).
(484 SE2d 758)

BLACKBURN, Judge.

James Farr Loggins was convicted by a jury of theft by taking, theft by receiving, and reckless driving. Immediately after this trial, he was convicted in a separate jury trial of obstruction of an officer.

Loggins appeals his convictions in both cases, asserting numerous grounds. For the reasons discussed below, we affirm.

1. Loggins contends the court erred in denying his motions for continuance of the trials. Prior to the start of the theft trial, Loggins informed the court that he wished to discharge his court-appointed attorney, Alan Koman, and represent himself pro se. Loggins moved for a continuance on the ground that he was not prepared for trial. The trial court denied the motion for a continuance, but required Koman to remain in the courtroom as Loggins' advisor throughout the trials. Loggins again moved for a continuance prior to the start of his obstruction trial, and the court denied this motion.

"A motion for continuance predicated upon a claim of insufficient time to prepare for trial is addressed to the sound discretion of the trial court, and will not be interfered with unless it is clearly shown that the court abused its discretion." (Citation and punctuation omitted.) *Marcello v. State*, 220 Ga. App. 284 (469 SE2d 252) (1996). "[T]he conduct of the party is a relevant and proper consideration of the judge in the exercise of its discretion in order to prevent a party using the discharge and employment of counsel as a dilatory tactic." *Brannon v. State*, 220 Ga. App. 572, 574 (2) (469 SE2d 716) (1996).

Koman was the third attorney appointed to represent Loggins. Loggins' first attorney withdrew shortly after being appointed, approximately nine months before trial. Loggins' second attorney was discharged approximately one month before trial, after Loggins sent him a letter threatening him and his family. Koman was appointed two weeks before trial, and the record does not reflect that Loggins objected to his appointment until the day of trial. Based on these facts, the court was authorized to conclude that Loggins was attempting to use discharge of counsel as a dilatory tactic, and did not abuse its discretion in denying Loggins' requests for continuance. See *Massalene v. State*, 224 Ga. App. 321 (480 SE2d 616) (1997).

2. Loggins contends he is entitled to a new trial on the theft charges because his second attorney, Frank Smith, did not have Loggins' permission to waive formal arraignment and plead not guilty in his absence. Contrary to Loggins' assertions, a defendant's attorney is authorized to waive arraignment and enter a not guilty plea in his client's absence. See *Davis v. State*, 135 Ga. App. 203, 205-206 (217 SE2d 343) (1975). The defendant's right to be present at the arraignment is waived if counsel does not object to proceeding in the defendant's absence. Id.

Furthermore, Loggins filed numerous pro se motions in the theft case, including a motion to dismiss the indictment and a motion for acquittal. He argued these motions prior to trial, after dismissing his third attorney. "A defendant [cannot] demur to an indictment . . . and then claim . . . that he has never been arraigned or afforded an

opportunity to plead, for he pleaded to the merits when he presented the issue of law; and although that plea was put in without his being formally arraigned, he had a right to waive arraignment, and by his conduct did waive it. . . . It follows that appellant waived formal arraignment when he moved to quash or dismiss the indictment." (Citations and punctuation omitted.) *Baskin v. State*, 137 Ga. App. 840, 841 (1) (225 SE2d 77) (1976). See also *Croft v. State*, 180 Ga. App. 705 (350 SE2d 34) (1986); *Shorter v. State*, 155 Ga. App. 609, 610 (1) (271 SE2d 741) (1980).

In addition to Loggins' pro se motions, his attorney Koman filed a demand for jury trial on June 14, 1996. Loggins did not withdraw or repudiate this motion after he dismissed Koman. This demand for jury trial also constituted a waiver of the right to be formally arraigned. See *Ferrell v. State*, 149 Ga. App. 405, 406 (3) (254 SE2d 404) (1979).

3. Loggins contends that he was denied his constitutional rights because he was not given adequate access to a law library. As support for this contention, Loggins cites *Bounds v. Smith*, 430 U. S. 817, 828 (97 SC 1491, 52 LE2d 72) (1977), in which the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." (Footnote omitted.)

However, the state's constitutional obligation is discharged by providing prisoners with *either* adequate law libraries *or* adequate assistance from persons trained in the law. Id.; see also *Portis v. Evans*, 249 Ga. 396, 398 (2) (291 SE2d 511) (1982). Until he chose to fire his third attorney the morning of trial, Loggins was represented by counsel appointed by the state. After he fired his lawyer and elected to proceed pro se, his appointed attorney was required to remain in the courtroom and act as Loggins' advisor. Thus, the state discharged its duty to provide Loggins with adequate legal assistance.

4. Loggins contends that his constitutional rights were violated in that counsel was forced upon him. This enumeration is without merit. Loggins initially requested that counsel be appointed for him. When his first attorney filed a motion to withdraw, Loggins objected to the withdrawal, arguing that it was almost impossible for him to represent himself. Only after Loggins became dissatisfied with his second attorney did he file a motion to proceed pro se. However, this motion was equivocal, and stated that Loggins "still is entitled to be appointed an attorney that will defend . . . all his rights." The record does not contain a copy of any order on this motion or a transcript of any hearing.

Loggins' second attorney withdrew after Loggins sent him a letter threatening him and his family, and the third attorney, Koman, was then appointed. Koman met with Loggins prior to trial, and there is no evidence in the record that Loggins objected to Koman's appointment prior to the day of trial. When Loggins informed the court that he was dissatisfied with Koman, he asked that another attorney be appointed. Only after the court denied this request for a fourth attorney did Loggins elect to represent himself, and the court allowed him to do so. Accordingly, Loggins' contention that he was deprived of his right to self-representation is without merit.

5. Loggins' attorney, Koman, filed a motion for a psychiatric evaluation of his client. However, when Loggins dismissed Koman and elected to proceed pro se, Loggins expressly withdrew this motion. On appeal, Loggins argues that the trial court erred in failing sua sponte to order an inquiry into his competence to stand trial.

"A trial court must conduct, *sua sponte*, a competency hearing when the information known to the trial court at the time of the trial . . . is sufficient to raise a bona fide doubt regarding the defendant's competence. Courts focus on three factors in determining whether the trial court violated the defendant's procedural due process rights by failing to hold *sua sponte* a competency hearing: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial." (Citations and punctuation omitted.) *White v. State*, 202 Ga. App. 424, 425 (414 SE2d 328) (1992).

Although Loggins was hostile toward his attorneys, this does not necessarily indicate irrationality. Indeed, his hostility resulted from what he perceived as his attorneys' failure to zealously protect his interests. With respect to Loggins' demeanor at trial, the evidence shows, and the court found, that Loggins was a very intelligent man who handled himself well in the courtroom. No evidence was presented of medical opinions regarding Loggins' competence to stand trial. Accordingly, the court did not err in failing to order a competency hearing.

6. In his final enumeration, Loggins contends that the jury's verdict was not unanimous and that it merely agreed to a verdict to terminate the matter. However, although the jury sent the judge notes indicating that one juror would not participate in discussions and refused to officially cast a vote despite his agreement that Loggins was guilty, the jury ultimately returned a guilty verdict after being instructed by the judge that the verdict must be agreed to by all jurors. The jury was polled after the verdict, and every juror acknowledged without reservation that his or her verdict was guilty. Accordingly, this enumeration is without merit.

*Judgments affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 25, 1997.

*David C. Butler*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Debra H. Bernes, Charles M. Norman, Assistant District Attorneys*, for appellee.