A01A2131. FLESCHE v. THE STATE.
(561 SE2d 160)

MILLER, Judge.

Charles Andrew Flesche was convicted of misdemeanor shoplifting and of aggravated assault against the store employee who retrieved the stolen goods. His appeal focuses on his alleged incompetency to stand trial and on the failure of his trial counsel to pursue this issue and an insanity defense. As the evidence of incompetency

and insanity appears only in the motion for new trial hearing, which evidence the court did not find credible, we hold that the court did not err in failing to pursue a competency hearing at trial or in denying a new trial on these grounds. Accordingly, we affirm.

Flesche concealed some store goods in his satchel and proceeded to leave the store without paying for them. A store employee chased him into the parking lot and, taking the satchel away, began to return to the store. Flesche threw a knife at the employee, striking him. Flesche returned to the store and demanded the return of his satchel. After removing the stolen goods, the store employees complied. When police found Flesche nearby, he was cooperative and admitted to the shoplifting, but claimed he threw a flashlight, not a knife.

Flesche pled guilty to the offenses of shoplifting and aggravated assault, but maintained his innocence when questioned by the judge. Accordingly, the judge refused to accept the plea. During the subsequent jury trial, Flesche testified and denied the shoplifting, stating that someone wrongfully stole the satchel from him. Following this testimony, the trial judge queried Flesche's trial counsel as to Flesche's competence, and trial counsel insisted that his client was lucid and competent and that he did not perceive any indication of incompetence. The jury found Flesche guilty of both offenses.

Flesche moved for a new trial, alleging that the court erred in not sua sponte conducting a competency hearing and that his counsel was ineffective in failing to pursue the competency hearing or an insanity defense. Following a hearing in which Flesche's trial counsel and a psychologist testified, the court rejected the psychologist's testimony regarding Flesche's alleged mental impairments and denied the motion for new trial. Flesche appeals, claiming the trial court erred in (1) failing at trial to sua sponte order a competency hearing and (2) denying his motion for new trial.

1. "A trial court must conduct, sua sponte, a competency hearing when the information known to the trial court at the time of the trial or plea bargain is sufficient to raise a bona fide doubt regarding the defendant's competence. [Cits.]" (Punctuation omitted.) *White v. State*, 202 Ga. App. 424, 425 (414 SE2d 328) (1992). The question is: "Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense?" (Citations and punctuation omitted.) *Mitchell v. State*, 207 Ga. App. 306, 308 (3) (427 SE2d 814) (1993). To answer this question, an appellate court focuses on three factors: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion

regarding the defendant's competence to stand trial. *Johnson v. State*, 209 Ga. App. 514, 516 (2) (433 SE2d 717) (1993); see *Loggins v. State*, 225 Ga. App. 713, 716 (5) (484 SE2d 758) (1997); *White*, supra, 202 Ga. App. at 425. The defendant bears the burden of proving incompetency by a preponderance of the evidence. *Johnson*, supra, 209 Ga. App. at 516 (2).

None of these three factors are shown here. Flesche points to no irrational behavior in the record, nor do we find any. To the contrary, throughout the trial Flesche displayed no outbursts or episodes of disorientation, and when testifying he coherently responded to his attorney's questions. See *Mullinax v. State*, 211 Ga. App. 831, 833 (1) (440 SE2d 720) (1994). The fact that at times he may have been obstinate or uncooperative with his counsel or may have given different versions of the incident does not show irrational behavior. *Loggins*, supra, 225 Ga. App. at 716 (5) (hostility toward attorneys does not necessarily indicate irrationality); *Singleton v. State*, 194 Ga. App. 423, 424 (4) (390 SE2d 648) (1990) (lack of cooperation did not manifest incompetency); *Jackson v. State*, 180 Ga. App. 774, 776 (1) (350 SE2d 484) (1986) (giving three different versions of event does not show incompetency).

Nor is there evidence that Flesche's demeanor exhibited incompetency. Contrary to Flesche's arguments, his demeanor at the plea hearing was not the reason the judge refused to accept the plea, but rather his consistent protestations of innocence. His attorney also affirmed to the court at that hearing that Flesche was "certainly competent for trial." During Flesche's somewhat rambling but coherent testimony at trial, the judge did dismiss the jury briefly and instructed Flesche to simply answer his attorney's questions. After Flesche completed his testimony with some vague answers, the court inquired outside the jury's presence whether Flesche had been evaluated. Flesche's trial counsel responded that there was no need to evaluate the defendant since he had always been lucid in his discussions with counsel. Counsel was satisfied based on his interaction with Flesche that he in fact was competent to stand trial. See *Mullinax*, supra, 211 Ga. App. at 833 (1) (court could consider attorney's statement that defendant was competent). Based on these responses and the judge's own observations, the judge proceeded with the trial. As a first-hand observer of Flesche's demeanor, the court was well positioned to determine the need for a psychiatric evaluation. *Lightsey v. State*, 188 Ga. App. 801, 803 (1) (374 SE2d 335) (1988); see *Mitchell*, supra, 207 Ga. App. at 308 (3).

With regard to the third factor, there was certainly no *prior* medical opinion that Flesche was in any way incompetent or mentally impaired. The opinion offered by the psychologist at the motion for new trial hearing was of little import, for it was based on the psychol-

ogist's evaluation of Flesche some two years after the trial and was rejected by the trial court, which had observed Flesche at trial and which had the opportunity to evaluate the psychologist's demeanor at the hearing. A court need not accept an expert's testimony on the defendant's mental state, but may rely on its own observations and the basic presumptions permitted by law. *Butler v. State*, 225 Ga. App. 288, 291 (483 SE2d 385) (1997); see *Huzzie v. State*, 236 Ga. App. 192, 194 (2) (512 SE2d 5) (1999). Nor need the court accept the testimony of relatives on such. *Mitchell*, supra, 207 Ga. App. at 308 (3).

Absent evidence in the record of defendant's incompetency, a court need not order such a hearing, as mental competency is otherwise presumed. *Strong v. State*, 263 Ga. 587, 590 (5) (436 SE2d 213) (1993); *Jackson*, supra, 180 Ga. App. at 776 (1). Based on the evidence here, the court was authorized (1) to find that it was not required to hold a competency hearing and (2) to deny the motion for new trial on this basis. See *Huzzie*, supra, 236 Ga. App. at 194 (2).

2. The second ground for the motion for new trial was that Flesche's trial counsel rendered ineffective assistance by failing to request the competency hearing or to pursue an insanity defense at trial. An ineffective assistance claim requires the defendant to prove that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). Here the court was authorized to and did find the evidence of mental impairment incredible. Moreover, at the motion for new trial hearing, Flesche's trial counsel testified that during the trial he had no reason to believe Flesche was incompetent or mentally impaired, an opinion he had repeatedly stated to the court at trial. We evaluate counsel's performance from counsel's perspective at the time of trial. *Grier*, supra, 273 Ga. at 365 (4). Accordingly, we cannot say that the court clearly erred in finding that trial counsel's choice not to pursue these matters was justified. See *Slade v. State*, 270 Ga. 305, 308 (2) (509 SE2d 618) (1998) (trial court's findings on effective assistance of counsel are upheld unless clearly erroneous).

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2002 —

*Chandler & Britt, Deborah F. Weiss*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney,* for appellee.