## A02A2377. COLLINS v. THE STATE.
### (578 SE2d 201)

ADAMS, Judge.

Charles E. Collins was tried by jury and convicted on two counts of obstruction of an officer. On appeal he contends that the trial court erred by failing to grant a discharge and acquittal based on his speedy trial demand, by failing to grant his motion for a psychiatric examination, and by failing to grant a new trial on the grounds of ineffective assistance of counsel.

1. The trial court properly denied Collins' motion for discharge and acquittal pursuant to OCGA § 17-7-170, alleging abridgement of his right to a speedy trial, because the motion was based on Collins' first demand for speedy trial, which he made before the indictment was returned. *Freeman v. State*, 232 Ga. App. 715 (2) (503 SE2d 601) (1998); *Little v. State*, 188 Ga. App. 410 (1) (373 SE2d 260) (1988).

2. Collins contends that the trial court abused its discretion by denying him an independent psychiatric examination to determine whether he was competent to stand trial. He does not challenge the same decision in connection with a claim that he was insane at the time of the offense.

> A trial court must conduct, sua sponte, a competency hearing when the information known to the trial court at the time of the trial or plea bargain is sufficient to raise a bona fide doubt regarding the defendant's competence. The question is: Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense? To answer this question, an appellate court focuses on three factors: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial. The defendant bears the burden of proving incompetency by a preponderance of the evidence.

(Citations and punctuation omitted.) *Flesche v. State*, 254 Ga. App. 3, 4-5 (1) (561 SE2d 160) (2002).

After jury selection, defense counsel explained that on the Friday before trial, Collins said that he was on medication "for different things" and that he had not been getting it. Counsel then explained that after lunch on the day the jury was selected, Collins "told him

about the same incident three different times as to what he wanted to do, three different ways." Defense counsel concluded,

> Based upon that and the totality of all the circumstances that's happened since Friday, I've got some concerns about his sanity, both now and at the time of the alleged offense. And I would like to change his plea to not guilty by reason of insanity at this time. . . . And not being an expert, I would move that he be examined by a qualified psychologist or psychiatrist to determine whether or not he is mentally able to stand trial.

The following morning before trial, Collins filed a written special plea of insanity and incompetence to stand trial. Shortly thereafter, Collins' counsel withdrew the special plea in open court. Collins also filed a written withdrawal of the special plea.

Nevertheless, the court sua sponte proceeded to address the question of Collins' mental state before proceeding with the trial. See *Harris v. State*, 256 Ga. 350, 351 (2) (349 SE2d 374) (1986) ("if the evidence indicates that there is an issue of competency, the court must inquire into it"). See also *Pate v. Robinson*, 383 U. S. 375, 384 (II) (86 SC 836, 15 LE2d 815) (1966) (defendant whose competence is in doubt cannot be deemed to have waived his right to a competency hearing).

The record shows that the trial court considered all three factors described in *Flesche*, 254 Ga. App. at 4 (1), and found no information or evidence that raised bona fide doubt that Collins was competent. Although Collins had, arguably, exhibited irrational behavior by being combative with a jailer the previous day, he appeared to the judge to be articulate and intelligent, and there was no prior medical opinion suggesting that he was not competent to stand trial. We agree that there was insufficient evidence to trigger the due process requirement that the trial court hold a hearing on competency. See *Huzzie v. State*, 236 Ga. App. 192, 195 (3) (512 SE2d 5) (1999). Compare *Baker v. State*, 250 Ga. 187, 192-193 (297 SE2d 9) (1982). Furthermore, the record does not contain a transcript of the hearing on the motion for new trial, and therefore Collins has failed to show this court any evidence to suggest that the trial court's ruling was erroneous. Nor has Collins cited any such evidence in his brief on appeal. Compare *Huzzie*, 236 Ga. App. at 193-194 (2). We therefore conclude that the trial court did not commit reversible error in denying Collins' motion for a psychiatric evaluation.

3. Collins' contention that he received ineffective assistance of trial counsel is procedurally barred. Collins' trial counsel initially served as his post-trial counsel and filed a motion for new trial,

which did not include an ineffectiveness claim. He later requested to withdraw so that Collins could pursue a claim of ineffectiveness. Collins' new post-trial counsel was appointed prior to March 12, 2002, but did not file an amended motion for new trial raising the issue of ineffective assistance of trial counsel. On April 5, 2002, Collins' motion for new trial was heard and denied. The record does not contain a transcript of the hearing on the motion for new trial, and therefore, appellate counsel has failed to perfect the record on whether the ineffectiveness issue was raised. *Buchanan v. State*, 254 Ga. App. 249, 252-253 (562 SE2d 216) (2002).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 11, 2003.

*Walker L. Chandler*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Gail M. Travillian, Assistant District Attorneys*, for appellee.