A05A0269. McCRARY v. THE STATE.
(616 SE2d 222)

RUFFIN, Chief Judge.

A jury found Johnny McCrary guilty of theft by shoplifting and criminal trespass for stealing a hat from a store at the Atlanta airport. McCrary appeals his conviction, arguing (1) that the trial court erred in not granting a request for a competency evaluation; and (2) that he received ineffective assistance of counsel because counsel did not raise the issue of competence in a timely manner. For the following reasons, we affirm McCrary's conviction.

1. As a threshold matter, we address the appellant's disregard of this Court's rules. Specifically, Court of Appeals Rule 25 (a) provides that a brief shall consist of three parts: (1) a statement of the proceedings and material facts; (2) enumerations of error; and (3) argument and citation of authority. Here, however, McCrary attached an addendum to his brief, which he entitles "Additional Arguments and Citations to Authority and to the Record." The pages of the addendum have not been numbered, and McCrary does not specify to which alleged error the addendum applies.

"Our requirements as to the form of appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court."[1] McCrary's disregard of our rules has hampered our ability to review his claim of error. Nonetheless, as the brief, even with its additional pages, does not exceed the page limit, we have read and considered the brief in its entirety.

2. In his first enumeration of error, McCrary asserts that the trial court abused its discretion by denying his motion for a continuance to conduct a competency evaluation and by failing to order a hearing sua sponte based on McCrary's behavior at trial. We disagree.

---

[1] *Colonial Bank v. Boulder Bankcard Processing,* 254 Ga. App. 686, 688 (563 SE2d 492) (2002).

We will not overturn a trial court's denial of a motion for continuance unless it is clearly shown that the trial court abused its discretion in denying the motion.[2] Here, the record shows that McCrary was arrested for stealing a baseball cap from the Coca-Cola store at the Atlanta airport. Before his arrest, police had issued at least one criminal trespass warning to McCrary for loitering at the airport. He was charged with theft by shoplifting and criminal trespass.

On the day of McCrary's trial, after jury selection but prior to opening statements, McCrary's counsel asked the judge for a psychological evaluation of McCrary, who was "acting strangely." McCrary had given his counsel papers with what counsel described as "some plottings or strange writings on it." According to counsel, he had no previous indication that McCrary had a mental problem. The trial court denied the request.

A defendant is competent to stand trial so long as he

> is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment … demands.[3]

The only evidence before the trial court when the motion for continuance was made was counsel's statement that his client was "acting strangely" and had made some cryptic notes. The four pages of notes, which were introduced into evidence, are mostly names and addresses. The trial court, with only this evidence before it, did not abuse its discretion in refusing to continue the trial for a competency hearing.[4]

McCrary contends, however, that the trial court should have ordered a competency hearing once it observed his testimony at trial. The trial court was required to conduct a competency hearing, sua sponte, if it became aware of information

> sufficient to raise a bona fide doubt regarding the defendant's competence. The question is: Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate

---

[2] See *Gignilliat v. State*, 196 Ga. App. 773 (2) (397 SE2d 52) (1990).

[3] (Punctuation omitted.) *Lewis v. State*, 279 Ga. 69, 70 (3) (608 SE2d 602) (2005).

[4] See *Collins v. State*, 259 Ga. App. 587, 588 (2) (578 SE2d 201) (2003).

their significance, nor rationally aid his attorney in his defense?[5]

In evaluating a trial court's decision not to hold a competency hearing, we look at the following factors: "(1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial."[6]

McCrary testified in his own behalf, after advising the trial court that he was doing so voluntarily. His testimony, while rambling, was generally responsive to the questions of counsel. When asked if he would like to tell the jury anything about the alleged incident, he stated, "I would like to tell them it was not me shoplifting." When asked specifically whether he took the hat from the Coca-Cola store, McCrary replied, "No, I didn't." When asked if he was at the airport on March 10, 2004, he said, "Oh, yes . . . [t]hat's where I got locked up at." In response to the question of what he was doing at the airport that day, he responded, "I was down there getting a breakfast, morning breakfast, you know."

While McCrary did digress at a few points during his testimony, his responses to questions from both his counsel and the prosecutor demonstrated that he understood why he was on trial. McCrary consistently stated that he did not steal the hat at issue. There is no evidence that McCrary's demeanor was unusual or that a prior medical opinion existed about his competency. Nothing in McCrary's testimony indicates that he was unable to understand the proceedings, appreciate their significance, or aid in his defense.[7] Under these circumstances, the trial court did not abuse its discretion in failing to order a competency hearing for McCrary.[8]

3. McCrary alleges that he received ineffective assistance of counsel because counsel did not raise the issue of his incompetence before the beginning of the trial. McCrary argues that, if counsel had adequately consulted with him prior to trial, counsel might have become aware of McCrary's possible incompetency sooner and made the motion for evaluation earlier, when it might have been granted.

In order to establish ineffective assistance of counsel, McCrary must demonstrate "both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense."[9]

---

[5] *Perry v. State*, 269 Ga. App. 178, 181 (2) (603 SE2d 526) (2004).

[6] Id.

[7] See *Lewis*, supra at 70-71 (3).

[8] See *Huzzie v. State*, 236 Ga. App. 192, 193-194 (2) (512 SE2d 5) (1999); *Mullinax v. State*, 211 Ga. App. 831, 832-833 (1) (440 SE2d 720) (1994).

[9] *Cooper v. State*, 279 Ga. 189, 190 (2) (612 SE2d 256) (2005).

To show prejudice, there must be "a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different."[10] Here, McCrary's counsel raised the issue of his competency at trial, and it was considered by the judge. And, as discussed in Division 2, we find that the trial court did not abuse its discretion in failing to order a competency hearing for McCrary even after observing his testimony.[11]

As this Court reasoned in *Huzzie*, "[t]he issue of mental competency to stand trial is the same whether raised before, during or subsequent to trial."[12] McCrary is merely speculating that the question of his competency would have been resolved differently if addressed before trial,[13] and thus has failed to establish that counsel's alleged error prejudiced his defense.[14] Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JUNE 23, 2005.

*Lloyd J. Matthews*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.

---

[10] Id. at 191 (2).

[11] See *Flesche v. State*, 254 Ga. App. 3, 5 (1) (561 SE2d 160) (2002) ("As a first-hand observer of [defendant's] demeanor, the court was well positioned to determine the need for a psychiatric evaluation.").

[12] (Punctuation omitted.) Supra at 193.

[13] See *Dye v. State*, 266 Ga. App. 825, 827-828 (2) (a) (598 SE2d 95) (2004).

[14] See *Vanholten v. State*, 271 Ga. App. 782, 783 (2) (a) (610 SE2d 555) (2005).