## 68433. BRYANT v. THE STATE.
### (322 SE2d 524)

McMurray, Chief Judge.

In *Bryant v. State*, 164 Ga. App. 543 (298 SE2d 272), decided November 24, 1982, the defendant in the case sub judice obtained a reversal of his conviction of "motor vehicle theft."

The record in the case sub judice discloses that Count 1 of Indictment Number 15,526 charged the defendant with the offense of a violation of the Georgia Controlled Substances Act for the possession of a quantity of amphetamine. Count 2 of the same indictment charged the defendant with the offense of theft by taking a motor vehicle. Count 3 of the same indictment charged the defendant with being an habitual felon. On January 26, 1983, defendant changed his plea from not guilty to a plea of guilty as to Counts 1 and 2. The district attorney agreed to a nolle prosequi of Count 3 and sentence was entered in Counts 1 and 2. As to Count 2 the defendant received a sentence of 20 years consisting of 5 to serve in confinement followed by 15 years on probation. The sentence as to Count 1 provided for 15 years to be served on probation consecutive to the 5-year sentence in confinement imposed in Count 2. Both of these probated sentences provided in substance for the same conditions, including a condition that defendant not violate the criminal laws of any governmental unit. These sentences were dated January 26, 1983, the same date as the entry of the guilty pleas.

On December 28, 1983, a petition to revoke defendant's probation was filed in which it was alleged that he had violated the terms and conditions of probation in that he did commit the offense of theft by receiving stolen property. The petition was heard, and the trial court having determined that defendant had violated the terms and conditions of probation in that he did commit the offense of theft by receiving stolen property as alleged in the revocation petition, revoked the defendant's probation and required that defendant serve "15 years consecutive to 5-year prison sentence." Defendant appeals. *Held*:

1. Included as a part of the record in the case sub judice is the transcript of the sentencing hearing with reference to the pleas of guilty in Case (Indictment) Number 15,526 in the trial court as to Counts 1 and 2. This transcript *clearly* reflects that the sentencing judge imposed a sentence of 20 years *on the theft by taking of a motor vehicle count*, that is, the first 5 years in the penitentiary and 15 years on probation. It is also *clear* that the sentencing judge imposed a sentence of 15 years to be served on probation *on the possession of amphetamine count*. However, when the court's sentence was reduced to writing the written sentence reflected that defendant entered a plea of guilty and was sentenced for the offense of "THEFT BY

TAKING MOTOR VEHICLE" in Count 1. The written sentence also reflected that defendant entered a plea of guilty and was sentenced for the offense of "THEFT BY TAKING MOTOR VEHICLE" in Count 2.

Both at the revocation hearing and here defendant contends his underlying sentence upon which the revocation was based to be void. The court disagreed in that any defect in the sentence after 30 days was waived by the defendant, hence, even though there is a misnomer as to the count (Count 1) (the defendant contending there was no indictment or accusation for the charge of motor vehicle theft), the same being erroneously styled when in fact it was for a violation of the Georgia Controlled Substances Act. The trial court admitted there was an error but did not think there was any confusion about it and denied this challenge to the sentence. The district attorney argues here that the sentencing court did not lose jurisdiction over the defendant's probationary sentence due to the error and a valid sentence was in effect at the time of the defendant's revocation of the probated sentence, citing *Taylor v. State*, 157 Ga. App. 212 (1) (276 SE2d 691), and that the sentencing court also retains its jurisdiction to make such an amended sentence conform to the truth, and the court's power is not abrogated once a defendant begins to serve the sentence. See *Johnson v. Gooding*, 242 Ga. 793 (251 SE2d 534); *Bryant v. Evans*, 244 Ga. 673 (261 SE2d 620); *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656). The error in the record has not been corrected at the time the record reached this court, the trial court apparently being of the opinion it was unnecessary to correct it. The trial court is instructed, that upon the return of the remittitur, to correct the clerical error and forward same to the penal authorities in order that all concerned will be aware of the offense for which this defendant will be serving a sentence as to Count 1, i.e., violation of the Georgia Controlled Substances Act.

2. Defendant next contends that the trial court erred in revoking his probated sentence as the probated portion of the underlying sentence had not begun to run. Nevertheless, the trial court did not abuse its discretion in revoking the probationary sentence during a portion of his sentence requiring confinement albeit he was serving same on parole. A sentencing court has the power to revoke the probated portion of a split-term sentence prior to the commencement of the time of probation. See *Parrish v. Ault*, 237 Ga. 401 (228 SE2d 808); *Burns v. State*, 153 Ga. App. 529 (265 SE2d 859); *Layson v. Montgomery*, 251 Ga. 359 (306 SE2d 245). The evidence was sufficient to support the finding of the trial court that the defendant had committed another offense, that of theft by receiving stolen property as charged in the petition for revocation. See *Hayes v. State*, 168 Ga. App. 94, 96 (6) (308 SE2d 227); *Ross v. State*, 168 Ga. App. 531 (310

SE2d 9). There is no merit in this complaint.

3. With reference to the remaining enumeration of error that the trial court abused its discretion in refusing to listen to the argument of defendant's counsel with regard to the validity of the underlying sentence we have reviewed same above wherein defendant was contending the sentence was void. This enumeration of error is not meritorious. As previously instructed, on remand the trial court shall correct the clerical error, clarifying the plea of guilty and sentence as to Count 1 of the indictment, i.e., violation of the Georgia Controlled Substances Act and not a plea of guilty to theft by taking of a motor vehicle.

*Judgment affirmed with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1984.

*Rickie L. Brown,* for appellant.

*Stephen A. Williams, District Attorney, Kermit N. McManus, Steven M. Harrison, Assistant District Attorneys,* for appellee.