## A91A1477. BARTEL v. THE STATE.
(414 SE2d 689)

BEASLEY, Judge.

While appellant was employed as the manager of a health club facility, he enrolled several new members and received their initial membership payments in the form of cash or a check payable to the facility. Three separate checks totalling $520, as well as one cash payment of $85, were introduced into evidence. When it became apparent that those individuals never received membership cards as their written contracts required, they produced cancelled checks reflecting that the membership fees had never been deposited into the company account but instead had been deposited into appellant's personal checking account. Each check contained a handwritten endorsement specifying, "For deposit only," followed by appellant's checking account number. Appellant's supervisor testified that the account number endorsed on each of the three checks was in appellant's handwriting. He further testified that appellant was responsible for collecting and accounting for all monies received at that facility and for submitting all such payments to the home office.

1. The first question is whether there was a fatal variance between the allegations of the indictment and the proof at trial.

The indictment charged appellant "with the offense of theft by taking [in violation of] OCGA § 16-8-2," in that he was "in lawful possession of United States Currency, the property of Rome Sports Connection, Inc., with a value of more than $500.00, [and did] unlawfully appropriate said property with the intent of depriving said owner of said property. . . ." Appellant contends that the State failed to prove those averments because the evidence at trial showed that although he had possession of checks belonging to his employer, with the exception of the cash payment of $85, there was no showing that he had appropriated *currency* as alleged in the indictment.

"Under *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969), and *Dobbs v. State*, 235 Ga. 800 (3) (221 SE2d 576) (1976), '(n)ot every variance in proof from that alleged in the indictment is fatal.' [Cit.] The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another

prosecution for the same offense. *DePalma,* supra. Unless the variance subjects defendant to one of these dangers it is not fatal." *Glass v. State,* 199 Ga. App. 530, 531 (1) (405 SE2d 522) (1991).

In *Brandt v. State,* 71 Ga. App. 221 (2) (30 SE2d 652) (1944), this court rejected an argument that the allegata and probata do not agree where the indictment alleged a conversion of $4,000 in money, and the evidence showed the conversion of a check which had been cashed and the proceeds retained by the defendant. Likewise, in this case, there is no failure of proof where the evidence shows that a conversion as alleged in the indictment took place when appellant deposited the checks into his own account for withdrawal as cash or otherwise at his demand and for his own use. See also *McCrory v. State,* 11 Ga. App. 787 (76 SE 163) (1912). Compare *Walker v. State,* 146 Ga. App. 237 (246 SE2d 206) (1978), where the indictment charged theft by taking by *unlawfully* taking property of another, and the trial proof showed that defendant committed the alternative offense of theft by taking in that he was in *lawful* possession of the property and thereafter unlawfully appropriated it.

In the case in issue, the material allegations and the proof correspond, i.e., that appellant was in lawful possession of the property of another and thereafter unlawfully appropriated it. OCGA § 16-8-4 (a).

2. The checks were properly admitted in evidence as probative of the offense charged and not as evidence of similar transactions. Compliance with Uniform Superior Court Rule 31 was not required. It was not error to permit the prosecuting attorney to refer to the checks in his opening statement and in closing argument as evidence of the offense. Nor was it error to restrict appellant's counsel from arguing the contrary.

3. The court properly instructed the jury on the offense of theft by conversion. Although appellant also contends that the court erred in failing to give certain requested jury charges, this is not shown in the record. " '[W]here there has been no written request to charge, failure to give the charge is not error. (Cits.)' [Cits.]" *Lamb v. State,* 196 Ga. App. 665, 667 (3) (396 SE2d 497) (1990).

4. During the State's case-in-chief, the court held a bench conference at which it ascertained that the State was actually proceeding on the offense of theft by conversion. At the conclusion of the evidence, the court charged the elements of the offense of theft by conversion and that the jury was authorized to convict appellant only if it found guilt beyond a reasonable doubt of that offense as described in the indictment and jury charge. The jury returned a guilty verdict without specifying the offense.

The sentence and judgment denominate the conviction as theft by taking which is inconsistent with the only offense charged and therefore the only conviction that the jury was authorized by law to

return, i.e., theft by conversion. Since theft by taking encompasses theft by conversion, *Byrd v. State*, 186 Ga. App. 446 (1) (367 SE2d 300) (1988), and OCGA § 16-8-12 (a) (1) authorizes the imposition of like punishment upon conviction for either offense, misdesignation constitutes only a clerical error.

Although appellant asserted no objection to the sentence and judgment either in the trial court or in this court, clerical mistakes in judgments may be corrected by the court at any time on its own initiative. See *Whittle v. Jones*, 198 Ga. 538 (5) (32 SE2d 94) (1944); *Bryant v. State*, 172 Ga. App. 200 (1) (322 SE2d 524) (1984); cf. OCGA § 17-1-3. "The trial court is instructed, . . . upon return of the remittitur, to correct the clerical error and forward same to the penal authorities in order that all concerned will be aware of the offense for which this defendant will be serving a sentence, [i.e., theft by conversion]. . . ." *Bryant*, supra at 201.

5. The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offense of theft by conversion. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). By the same token, appellant was not entitled to a directed verdict pursuant to OCGA § 17-9-1 (a).

*Judgment affirmed with direction. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 8, 1992.

*Barkley & Garner, Richard E. Barnes*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Leigh E. Patterson, Asssistant District Attorneys*, for appellee.

