**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 17, 2017**

# In the Court of Appeals of Georgia

A17A1053. JONES v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Kiel Jones was convicted of rape, aggravated child molestation, and incest. Jones appeals, challenging the sufficiency of the evidence, the denial of an oral request for a pretrial competency evaluation, the effectiveness of his trial counsel, the appointment of a public defender to assist his visually impaired defense counsel, purported bias by the trial court, the trial court's participation during voir dire, and the sentence imposed for incest. Finding no reversible error, we affirm.

1. *Sufficiency of the evidence.*

In reviewing the sufficiency of the evidence supporting a criminal conviction, we do not weigh the evidence or resolve conflicts in witness testimony, but instead

determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Tinson v. State*, 337 Ga. App. 83 (1) (785 SE2d 914) (2016). So viewed, the evidence shows that when Jones' niece was 11 years old, he forcibly inserted his penis into her vagina, placed his penis on her lips, and ejaculated on her stomach. "The evidence was sufficient for a rational trier of fact to find the essential elements of the crimes of [which Jones was convicted] beyond a reasonable doubt." Id. at 85-86 (1). See OCGA §§ 16-6-1 (a) (1) (rape), 16-6-4 (c) (aggravated child molestation by act of sodomy), 16-6-22 (a) (6) (incest between uncle and niece).

2. *Competency hearing.*

Jones contends that the trial court erred in denying his counsel's pretrial request for a competency evaluation of Jones. We disagree.

The record shows that on the call of the case for trial, Jones and the state informed the court that they had negotiated a guilty plea to reduced charges. During the subsequent plea colloquy, Jones told the court that before coming to court he had smoked marijuana and had taken a blood pressure medication and an antidepressant. He later informed the court that he previously was diagnosed with depression and bipolar disorder, and that in 2009 he had been hospitalized for depression. When

2

asked by both the prosecuting attorney and the judge if he understood the proceedings and everything that was happening in court, Jones affirmed that he did understand the proceedings and what was happening. Upon further inquiry by the court, Jones reiterated that he was able to understand the proceedings and continue with the plea. He also told the court that there was nothing about his depression or bipolar disorder that interfered with his ability to understand the proceedings. Defense counsel stated that he was "absolutely certain" that Jones was competent and that he was not laboring under any mental defect. The judge also observed on the record that Jones "looks the same as he's looked every time he's appeared before the [c]ourt. He appears to be coherent, alert, and does not appear, at least in my mind, to be laboring under any type of psychotic or psychiatric issues."

After further discussion regarding the negotiated plea, Jones decided to withdraw his guilty plea and proceed with a jury trial. At that point, defense counsel made an oral request for a mental health evaluation of Jones. The trial court denied the request, explaining, "You've indicated to the [c]ourt repeatedly that you don't believe your client has any mental health issues and that he's otherwise competent to take this plea. And if he's competent to enter a plea of guilty, he's competent for trial."

3

"A criminal defendant's due process right to a fair trial encompasses the right not to be tried or convicted while incompetent to stand trial." *Phelps v. State*, 296 Ga. App. 362, 364 (1) (674 SE2d 620) (2009) (citation omitted). Pursuant to OCGA § 17-7-130 (b) (1), an accused may file a motion requesting that the trial court order a competency evaluation. Although no such motion was filed in this case, "constitutional guarantees require the trial court to inquire into competency, even where state procedures for raising competency are not followed, if evidence of incompetence comes to the court's attention." *Phelps*, supra (citations omitted).

> Mental competency is presumed, so absent evidence of a defendant's incompetency, a trial court need not conduct a competency hearing. [But i]f the court has sufficient information at the time of trial to raise a bona fide doubt about the defendant's ability to understand the proceedings, appreciate their significance, or assist his lawyer in presenting his defense, the court must conduct a competency hearing.

*Powers v. State*, 314 Ga. App. 733, 734-735 (1) (b) (725 SE2d 848) (2012) (citations omitted). In determining whether the trial court violated Jones' procedural due process rights by failing to hold a competency hearing, we must focus on three factors: "(1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial. Such an analysis focuses on what the trial court did in light

4

of what it knew at the time of the trial or plea hearing." *Johnson v. State*, 209 Ga. App. 514, 516 (2) (433 SE2d 717) (1993) (citations and punctuation omitted).

None of these three factors raised a bona fide doubt about Jones' ability to understand the proceedings and thus the trial court was not required to conduct a competency hearing. The record does not show that Jones engaged in any irrational behavior prior to the start of the trial or that his demeanor exhibited incompetence. On the contrary, the trial court expressly noted on the record that Jones appeared coherent and alert, and a review of the transcript reveals that he responded appropriately to questions. See *Flesche v. State*, 254 Ga. App. 3, 5 (1) (561 SE2d 160) (2002) (throughout proceedings the defendant displayed no outbursts or episodes of disorientation, and he responded coherently to questions). Moreover, "his attorney concluded that he was fully competent to enter a guilty plea, and the court was authorized to take this into consideration in determining the need for a mental evaluation." *Perry v. State*, 269 Ga. App. 178, 181 (2) (603 SE2d 526) (2004) (citation omitted). Accord *Flesche*, supra. Although the trial court was informed that Jones had previously been diagnosed with depression and bipolar disorder, there was no evidence of a prior medical opinion that such diagnoses rendered Jones incompetent to stand trial. Indeed, Jones himself told the court that there was nothing

5

about those conditions that interfered with his ability to participate in the proceedings. See *Traylor v. State*, 280 Ga. 400, 404-405 (4) (a) (627 SE2d 594) (2006). In light of what the trial court knew at the time of trial, we cannot find that it erred in proceeding without ordering a mental evaluation. See *Perry*, supra at 182 (2); *Flesche*, supra.

3. *Ineffective assistance of counsel.*

Jones claims that his trial counsel was ineffective in stating his opinion that Jones was competent without first seeking a professional evaluation of his competency and in failing to request a continuance on the day of trial when Jones claimed he had smoked marijuana and taken an antidepressant prior to trial. "In order to prevail on a claim of ineffective assistance of counsel, [Jones] must show [both] that counsel's performance was deficient and that the deficient performance so prejudiced [Jones] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." *Robinson v. State*, 277 Ga. 75-76 (586 SE2d 313) (2003) (citation omitted). Jones has failed to make the required showings.

(a) *Counsel's statement that Jones was competent.*

6

At the motion for new trial hearing, counsel testified that he did not request an evaluation of Jones prior to the first day of trial because he "appeared to be completely competent." Counsel had reviewed Jones' mental health records, but explained that he believed Jones was competent because he had spent a lot of time with Jones preparing for trial and Jones clearly understood what was going on during those interactions. Counsel testified that at those meetings Jones "was functioning very, very well. . . . As I recall, he was intelligent. He was articulate. He was oriented to time and place. He answered my questions. [And] he was a lot more communicative than most [clients.]"

Jones presented no evidence contradicting counsel's observations and opinion of Jones' competency to stand trial. At the motion for new trial, Jones attempted to introduce a written statement purporting to be from a doctor who opined, based on her alleged review of the trial transcript and Jones' medical records, that the trial court should have granted trial counsel's oral request for an evaluation of Jones' competency to proceed to trial. However, the doctor's statement did not opine that Jones was incompetent or that counsel was wrong to state otherwise, Jones' medical records were not attached to the document, and the doctor did not testify at the hearing. Moreover, the trial court ruled that the document was inadmissible and Jones

7

has not enumerated that ruling as error. Even if the document had been admitted, it provided no evidence that Jones was in fact incompetent and did not contradict trial counsel's pretrial observations and opinion that Jones was competent to stand trial.

> The burden is on the defendant to show that his attorney's omissions have prejudiced his case. . . . [However, Jones] did not offer any evidence at the hearing on his claim of ineffective assistance of trial counsel to support his assertion that his . . . competency should have been [further evaluated before counsel stated he was competent to stand] trial. Accordingly, we conclude that [Jones] has failed to carry his burden to prove the prejudice prong of his claim that trial counsel was ineffective[.]

*Jennings v. State*, 282 Ga. 679, 680 (2) (653 SE2d 17) (2007) (citations and punctuation omitted). Absent a showing of prejudice, the trial court did not err in denying Jones' claim of ineffective assistance of counsel on this ground. See *Huzzie v. State*, 236 Ga. App. 192, 193-194 (2) (512 SE2d 5) (1999).

(b) *Failure to request a continuance.*

After Jones claimed that he had smoked marijuana and taken an antidepressant before coming to court, the judge immediately questioned Jones to determine whether he could continue with the court proceedings. During that inquiry, Jones told the judge that he had understood everything that had already gone on in court, that he was able to understand the proceedings, and that he was able to continue with the

8

proceedings. The judge noted that, contrary to Jones' claim, he did not appear to be heavily drugged, that he appeared alert and coherent, and that she believed he was toying with the court.

At the motion for new trial hearing, trial counsel testified that he did not know if Jones was being truthful about the drugs, that he had no evidence that Jones had actually smoked marijuana before coming to court, and that he thought Jones was merely trying to undermine the negotiated guilty plea. On appeal, Jones has pointed to no evidence that he was in fact impaired and unable to continue with the court proceedings or that the trial court would have granted a motion for a continuance on that basis. "This [c]ourt has held that it obviously is not ineffective for counsel to fail to request a continuance for delay only." *Polk v. State*, 225 Ga. App. 257, 259 (1) (d) (483 SE2d 687) (1997) (citation and punctuation omitted). And "the failure to make a meritless motion or objection does not provide a basis upon which to find ineffective assistance of counsel." *Hampton v. State*, 295 Ga. 665, 670 (2) (763 SE2d 467) (2014) (citation omitted). Accordingly, the trial court did not err in denying the claim of ineffective assistance of counsel.

4. *Appointment of assistant.*

The trial court assigned an assistant public defender to help trial counsel, who is visually impaired, "to ensure that [counsel had] the benefit of sighted counsel in the event that there were issues that arose during trial regarding exhibits and other matters[.]" The court clarified that the appointed helper was not Jones' lawyer. Jones contends that the trial court erred in assigning the assistant public defender to serve in that capacity. However, he has not shown where in the record he raised such an objection and thereby preserved this enumeration of error for consideration, and our review of the trial transcript has not revealed any such objection. See Court of Appeals Rule 25 (a) (1). "Generally, to preserve appellate review of a claimed error, there must be a contemporaneous objection made on the record at the earliest possible time. Otherwise, the issue is deemed waived on appeal." *Benton v. State*, 300 Ga. 202, 205 (2) (794 SE2d 97) (2016) (citation and punctuation omitted). Because Jones failed to make a contemporaneous objection to the court's appointment of the assistant, he "has waived his right to appellate review of the trial court's action." Id.

5. *Bias.*

Jones complains that the trial court showed bias in favor of the state by instructing the state's attorney to rephrase three questions during voir dire and by ruling that a prosecutor's question during trial assumed facts not in evidence. As an

10

initial observation, "we do not believe that the trial court exhibited improper bias or favoritism toward or against either the [s]tate or the defendant during [these] exchange[s]." *Scott v. State*, 332 Ga. App. 559, 566 (4) (c) (774 SE2d 137) (2015). Regardless, Jones raised no objections to any of these exchanges at trial and therefore he cannot raise them for the first time on appeal. *Benton*, supra.

6. *Voir dire.*

Jones claims that the trial court erred by participating in the voir dire questioning of several prospective jurors. Once again, Jones "has failed to indicate where he raised such an objection, and the pages of the voir dire transcript he cites to do not contain such an objection. [He] therefore has not preserved the issue for appeal." *Williams v. State*, 326 Ga. App. 418, 420 (2) (756 SE2d 650) (2014) (citation omitted). Moreover, "[a]bsent some abuse of discretion, which [Jones has not shown] here, participation by the trial judge in the voir dire examination of prospective jurors provides no basis for reversal." *Curry v. State*, 255 Ga. 215, 219 (2) (d) (336 SE2d 762) (1985).

Jones also complains that the court erred in instructing defense counsel to move on from questioning a prospective juror about her understanding of the English language because that topic had already been covered. We find no error where "the

11

trial court merely prohibited defense counsel from asking [the juror] repetitive questions[.]" *Chancey v. State*, 256 Ga. 415, 425 (3) (B) (b) (349 SE2d 717) (1986). Indeed, "[c]ontrol of the voir dire examination is within the sound discretion of the trial court and the court's discretion will not be interfered with unless the record shows a manifest abuse of that discretion." *Brockman v. State*, 292 Ga. 707, 720 (8) (739 SE2d 332) (2013). The record here shows no such abuse of discretion.

7. *Sentence for incest.*

Jones was sentenced under the recidivist statute, OCGA § 17-10-7, to the maximum 50-year sentence for incest. See OCGA § 16-6-22 (b). Jones contends that this sentence must be vacated because the trial judge erroneously declared that she did not have discretion to probate any part of that sentence. We disagree.

At the sentencing hearing, the judge stated that she was sentencing Jones under the recidivist statute and then explained that subsection (a) of that statute "compels this [c]ourt to impose the maximum sentence, *even though there is some authority for portions of that sentence to be suspended or probated. However*, in light of the offenses with which you are charged and the penalty range, the [c]ourt does not believe that it has any discretion in terms of the sentence that it will impose."

12

(Emphasis supplied). See OCGA § 17-10-7 (a) ("the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense").

Contrary to Jones' claim, the judge expressly stated that under 17-10-7 (a) she had the discretion to probate the maximum sentence prescribed. After recognizing that discretion, it appears from her entire statement that she simply believed that in the exercise of it, given the severity of the crimes, she had no real choice but to impose the maximum sentence without any probation. "Unless affirmative evidence shows otherwise, the trial court is presumed to have exercised its discretion in imposing [a] sentence." *Cody v. State*, 324 Ga. App. 815, 827 (5) (b) (752 SE2d 36) (2013) (citation and punctuation omitted). Because there is no affirmative evidence that the trial court did not know that it could exercise its discretion, and instead the record shows that the court was fully cognizant of the discretion vested in it, we find no error. Id. (no basis for disturbing sentences imposed where trial court expressly noted the language of OCGA § 17-10-7 (a) affording judicial discretion to probate part of maximum sentence).

*Judgment affirmed. Branch and Bethel, JJ., concur.*