302 Ga. 813
FINAL COPY

S17A1755. BROWN v. THE STATE.

HUNSTEIN, Justice.

Appellant Patricia Ann Brown was convicted of murder and related offenses in connection with the beating death of Eugene Clark. On appeal, Brown contends that trial counsel was constitutionally ineffective. Though we conclude that Brown was erroneously sentenced, we otherwise affirm.[1]

We begin by examining the evidence adduced during Brown's trial, reviewing the evidence in a light most favorable to the verdicts. Brown and her

---

[1] In January 2008, a Sumter County grand jury indicted Patricia Ann Brown on the charges of malice murder, felony murder predicated on robbery, and robbery. Following a trial conducted July 16-18, 2008, a jury acquitted Brown of malice murder but found her guilty of felony murder and robbery; the trial court sentenced Brown to life imprisonment for felony murder and to twenty years' probation for robbery (to run concurrent with the life sentence). Brown filed a motion for new trial in August 2008 and then filed an amended motion in September 2016. Following a hearing, the trial court denied the amended motion in April 2017; Brown subsequently filed a timely notice of appeal. This case was docketed to the August 2017 term and was thereafter submitted on the briefs.

friend, Gussie Moore, met the victim, Eugene Clark, at a Sumter County bar. Clark was flush with cash from his tax refund, which he was flashing around the bar, and purchasing drinks for bar patrons. Brown attempted to engage Clark, but he was not interested; Clark was, however, interested in Moore, and, much to Brown's dismay, the pair left the bar for Moore's house. Several hours later, Brown visited her boyfriend, Fred Hoston, and advised him that someone had tried to rape her; at the time she made the accusation, Brown was observed — apparently uninjured — dancing in the street with a drink in her hand. The pair proceeded to Moore's house where Brown reignited an earlier argument with Moore and identified Clark as her assailant; Clark subsequently left Moore's house on foot. According to Hoston, he and Brown followed Clark to a nearby community center where they physically assaulted Clark, took his wallet, and then left him to die. Hoston testified that it was Brown who took Clark's wallet, and a number of witnesses later observed Brown with a large amount of cash.

1. Though Brown does not challenge the legal sufficiency of the evidence supporting her conviction, we have reviewed the record and conclude that the evidence as summarized above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that she was guilty of the crimes of which

2

she was convicted. See <u>Jackson v. Virginia</u>, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In her sole enumeration of error, Brown alleges that trial counsel rendered constitutionally ineffective assistance by failing to voice his concern regarding Brown's mental competency and seek a continuance to secure a mental evaluation.

In order to prevail on a claim that trial counsel was ineffective, Brown must show both that counsel's performance was deficient and that the deficient performance was prejudicial. See <u>Terry v. State</u>, 284 Ga. 119, 120 (2) (663 SE2d 704) (2008). To prove deficient performance, one must show that his attorney "performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." <u>Romer v. State</u>, 293 Ga. 339, 344 (3) (745 SE2d 637) (2013). With respect to the second <u>Strickland</u>[2] prong, "to show that he was prejudiced by the performance of his lawyer, [Appellant] must prove 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

[2] <u>Strickland v. Washington</u>, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

3

A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Arnold v. State, 292 Ga. 268, 269 (737 SE2d 98) (2013) (quoting Strickland, 466 U. S. at 694). Here, Brown has failed to satisfy either prong.

In September 2007, the trial court ordered that Brown undergo a mental evaluation, specifically requesting that her competency to stand trial be evaluated. Brown was subsequently evaluated at West Central Georgia Regional Hospital in February 2008, less than five months before trial; a forensic psychologist determined that Brown was competent to stand trial, noting that Brown exhibited no "symptoms or deficits that would preclude a productive working relationship with an attorney . . . [or] that would prevent her from following the course of a trial and participating meaningfully in the process." Trial counsel testified at the hearing on the motion for new trial that, in the months leading up to trial, Brown displayed no indication that she was impaired or unable to assist in her defense but that, on the first day of trial, Brown's mental state seemed to change. According to trial counsel, Brown was unable to assist with trial, and, as a consequence, he "sailed through [the trial] without much help from [her]." Trial counsel testified that, in his opinion,

4

Brown was not competent to stand trial and that he should have requested an additional evaluation. Though Brown did not testify at the hearing on the motion for new trial, the trial court engaged with her on the record. The trial court's colloquy with Brown reveals that she was able to recall specific dates and events and, further, that she was able to articulate her understanding of the proceedings and the individuals involved.

Though trial counsel opined that he should have sought an additional mental examination, Strickland "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." Harrington v. Richter, 562 U. S. 86, 110 (131 SCt 770, 178 LE2d 624) (2011). Here, in light of the results of the mental evaluation conducted just months prior to trial, trial counsel's observations of Brown leading up to trial, and the curious timing of the alleged change in Brown's mental status, it was not objectively unreasonable for trial counsel to decide not to seek a second mental evaluation. See Whitus v. State, 287 Ga. 801 (2) (700 SE2d 377) (2010) (ordinarily in a non-capital case the decision to forego or curtail an investigation of the accused's mental health is reasonable when an expert has determined that the defendant is fit to stand trial).

5

Moreover, Brown has not demonstrated prejudice. "The burden is on the defendant to show that [her] attorney's omissions have prejudiced [her] case." (Citations and punctuation omitted.) Jennings v. State, 282 Ga. 679, 680 (653 SE2d 17) (2007). "If a defendant wishes to claim ineffectiveness based on trial counsel's failure to request a psychiatric evaluation . . . [s]he must show a likelihood that such an evaluation would have affected the outcome at trial." (Citations and punctuation omitted.) Haygood v. State, 289 Ga. App. 187, 193 (656 SE2d 541) (2008). Strickland requires "more than speculation to establish prejudice." Hambrick v. Brannen, 289 Ga. 682, 684 (715 SE2d 89) (2011).

Here, other than the original mental evaluation, the record fails to include any medical records, expert testimony, or other evidence of diagnosis or treatment that would cast light on the question of Brown's competency. "'Accordingly, we conclude that [Brown] has failed to carry [her] burden to prove the prejudice prong of [her] claim that trial counsel was ineffective for failing to request an [additional] psychiatric examination." Bergeson v. State, 272 Ga. 382, 383 (530 SE2d 190) (2000). Compare Martin v. Barrett, 279 Ga. 593, 595-596 (619 SE2d 656) (2005) (expert testimony supported habeas court finding of reasonable probability that defendant might have been found

6

incompetent to stand trial, legally insane, or guilty but mentally ill if counsel had adequately investigated his mental illness). Accordingly, this argument is without merit.

3. Though not raised by either party, our review of the record reveals that the trial court erred in sentencing Brown. Brown was indicted on the charges of malice murder, felony murder predicated on robbery, and robbery; though Brown was acquitted of malice murder, guilty verdicts were returned on the remaining charges and she was sentenced for each offense. This was error.

"When the only murder conviction is for felony murder and a defendant is convicted of both felony murder and the predicate felony of the felony murder charge, the conviction for the predicate felony merges into the felony murder conviction." Culpepper v. State, 289 Ga. 736, 737 (715 SE2d 155) (2011). Because Brown's "robbery conviction was the underlying felony for [her] conviction of felony murder, it merged into the felony murder conviction. The conviction and sentence for . . . robbery must, therefore, be vacated." Hawkins v. State, 267 Ga. 124, 124 (475 SE2d 625) (1996).

Judgment affirmed in part and vacated in part. All the Justices concur.

7

Decided January 29, 2018.

Murder. Sumter Superior Court. Before Judge Smith.

David T. Winheim, for appellant.

Plez H. Hardin, District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Aimee F. Sobhani, Assistant Attorney General, for appellee.