**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 6, 2019**

# In the Court of Appeals of Georgia

A19A1620. STODGHILL v. THE STATE.

McFADDEN, Chief Judge.

After a jury trial, Zane Stodghill was convicted of five counts of aggravated child molestation, five counts of aggravated sodomy, and three counts of enticing a child for indecent purposes. The trial court denied Stodghill's motion for new trial, and he appeals. Stodghill argues that the evidence does not support the convictions, that the trial court erred by denying a competency evaluation, and that trial counsel was ineffective for failing to ask for a continuance. We hold that the evidence was sufficient to support the convictions, that the trial court did not err by denying a competency evaluation, and that trial counsel was not ineffective. So we affirm.

1. *Facts*.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Garza v. State*, 347 Ga. App. 335 (819 SE2d 497) (2018) (citation omitted). We do not weigh the evidence or judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (emphasis omitted).

So viewed, the evidence showed that the victims were three brothers, twins who were nine years old at the time of their outcries and their younger brother, who was eight years old at the time of his outcry. Stodghill's mother occasionally watched the boys while their father was at work, sometimes over night. Stodghill would bring the boys into his bedroom, where he would force them to perform oral sex upon him and anally penetrate them with his penis. Stodghill threatened to hurt them if they told anyone about the abuse.

The boys disclosed the abuse to a neighbor couple who watched them. The couple notified the boys' father, who took them to a child advocacy center where they

were interviewed. Recordings of their interviews were played for the jury and the boys testified at trial.

Stodghill argues that the evidence was insufficient to support the convictions because it consisted exclusively of the victims' testimony, which was not credible given certain discrepancies. We disagree because

> the testimony of a single witness is generally sufficient to establish a fact. And, to the extent that any witness' testimony was inconsistent or contradicted, we note that it is the function of the jury — not this [c]ourt — to resolve such conflicts in the evidence. The jury clearly resolved the conflicts against [Stodghill] and we will not disturb the jury's findings on appeal.

*McGhee v. State*, 263 Ga. App. 762, 763 (1) (589 SE2d 333) (2003) (citations and punctuation omitted). See OCGA §§ 16-6-2 (a) (2) (defining aggravated sodomy), 16-6-4 (c) (defining aggravated child molestation), 16-6-5 (a) (defining enticing a child for indecent purposes).

2. *Competency evaluation.*

Stodghill argues that the trial court erred in denying his counsel's pretrial request for a competency evaluation of Stodghill. We disagree.

The record shows that the week before the trial, defense counsel made an oral request for a continuance and for a mental health evaluation of Stodghill's competency. Counsel explained that Stodghill was low functioning and that he had been completely uncommunicative at a meeting the week before. The trial judge began questioning Stodghill, asking if he knew the charges against him; if he understood the purpose of a jury trial, the role of the district attorney, and the trial procedure; if he knew his attorney; if he knew the role of the judge; and whether he would be able to participate in the trial by communicating with his attorney. Stodghill answered the trial court's questions. The judge then gave defense counsel an opportunity to discuss the case with Stodghill and his family members.

Afterwards, defense counsel informed the court that Stodghill seemed to comprehend their discussion and that "based on his demeanor and communication [that she observed that day, she] would not have requested the mental health evaluation. . . ." The trial judge stated that "based on everything [he had] seen" he was denying the motion for a competency evaluation.

> A criminal defendant's due process right to a fair trial encompasses the right not to be tried or convicted while incompetent to stand trial. Pursuant to OCGA § 17-7-130 (b) (1), an accused may file a motion requesting that the trial court order a competency evaluation.

4

Although no such motion was filed in this case, constitutional guarantees require the trial court to inquire into competency, even where state procedures for raising competency are not followed, if evidence of incompetence comes to the court's attention.

Mental competency is presumed, so absent evidence of a defendant's incompetency, a trial court need not conduct a competency hearing. But if the court has sufficient information at the time of trial to raise a bona fide doubt about the defendant's ability to understand the proceedings, appreciate their significance, or assist his lawyer in presenting his defense, the court must conduct a competency hearing.

*Jones v. State*, 343 Ga. App. 180, 181-82 (2) (806 SE2d 631) (2017).

In reviewing the trial court's decision, we must focus on three factors: "(1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial. Such an analysis focuses on what the trial court did in light of what it knew at the time of the trial or plea hearing." *Johnson v. State*, 209 Ga. App. 514, 516 (2) (433 SE2d 717) (1993) (citation omitted).

"None of these three factors raised a bona fide doubt about [Stodghill's] ability to understand the proceedings, and thus the trial court was not required to conduct a competency hearing. The record does not show that [Stodghill] engaged in any

5

irrational behavior prior to the start of the trial or that his demeanor exhibited incompetence." *Jones*, 343 Ga. App. at 182 (2). A review of the transcript reveals that he responded appropriately to questions. See *Flesche v. State*, 254 Ga. App. 3, 5 (1) (561 SE2d 160) (2002) (throughout proceedings the defendant displayed no outbursts or episodes of disorientation, and he responded coherently to questions). And despite her initial concerns, Stodghill's attorney indicated that his behavior and demeanor did not warrant a competency evaluation. "In light of what the trial court knew at the time of trial, we cannot find that it erred in proceeding without ordering a mental evaluation." *Jones*, 343 Ga. App. at 183 (2).

3. *Effective assistance of counsel*.

Stodghill argues that trial counsel was ineffective because she did not persist in requesting a continuance and a competency evaluation after the trial court denied her initial requests.

To prevail on his claim, Stodghill "must show both that [his] counsel's performance was deficient and that the deficient performance so prejudiced [him] that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different." *Reeves v. State*, 346 Ga. App. 414, 418 (3) (816 SE2d 401) (2018) (citation and punctuation omitted). As for deficient performance,

6

the question is whether the errors "are unreasonable ones no competent attorney would have made under similar circumstances." *Stripling v. State*, 304 Ga. 131, 138 (3) (b) (816 SE2d 663) (2018) (citation and punctuation omitted). "[T]o show that he was prejudiced by the performance of his lawyer, (Stodghill) must prove a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Brown v. State*, 302 Ga. 813, 814 (2) 809 SE2d 742) (2018) (citations and punctuation omitted). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *McAllister v. State*, 343 Ga. App. 213, 217 (3) (807 SE2d 14) (2017) (citation and punctuation omitted).

If a defendant wishes to claim ineffectiveness based on trial counsel's failure to request a psychiatric evaluation [to determine his competency, he] must show a likelihood that such an evaluation would have affected the outcome at trial. Here, . . . the record fails to include any medical records, expert testimony, or other evidence of diagnosis or treatment that would cast light on the question of [Stodghill's] competency. Accordingly, we conclude that (Stodghill) has failed to carry (his) burden to prove the prejudice prong of (his) claim that trial counsel was ineffective for failing to [reiterate the] request [for a] psychiatric examination.

7

*Brown v. State*, 302 Ga. 813, 815 (2) (809 SE2d 742) (2018) (citations and punctuation omitted). Since Stodghill has not demonstrated that he was prejudiced by counsel's failure to reiterate a request for a competency evaluation, he has not demonstrated that counsel was ineffective for failing to seek a continuance to pursue such a request. See *Brown*, supra.

*Judgment affirmed. McMillian, P.J. and Senior Appellate Judge Herbert E. Phipps concur.*