**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 6, 2022**

# In the Court of Appeals of Georgia

A22A0058. WILLIAMS v. THE STATE.

PER CURIAM.

A jury found D'Andre Montel Williams guilty of two counts of armed robbery. Williams appeals following the denial of his motion for a new trial, contending that: (1) his trial counsel was ineffective (a) for failing to file a motion for a mental evaluation before the filing deadline, and (b) by "cumulatively prejudicing" him with a combined effect of multiple alleged errors; and (2) the trial court erred by failing to hold a hearing on his mental competency and denying his motion for a mental evaluation. For the reasons that follow, we affirm Williams's convictions but instruct the trial court to correct a scrivener's error in the written sentence upon remittitur.

In January 2017, Williams and three others were indicted on two counts of armed robbery. The trial court severed the trials of the defendants. Williams was

scheduled to be tried in early February 2018. In preparation for trial, various motions filed by Williams were to be heard on January 29, 2018. On January 25, 2018, after the deadline for filing motions had passed, Williams's trial counsel filed a motion for a mental evaluation. At the January 29 hearing, counsel explained that his concerns about Williams's competency had become "more intense" in the recent weeks preparing for trial, as a result of which he "felt" it was "necessary" to file the motion. The trial court then asked Williams some questions regarding the charges, his counsel, and the trial proceedings. Following the questioning, the trial court denied the motion, finding that Williams did not demonstrate any irrational behavior and understood the nature of the trial, his counsel's role, and the possible consequences of a guilty verdict.

On February 26, 2018, Williams entered a negotiated guilty plea to both counts of armed robbery. As part of his plea agreement, Williams was to testify truthfully against the other defendants. After Williams refused to testify, the State moved to set aside his guilty plea. The trial court granted the motion, and Williams proceeded to a jury trial. At the trial, the State presented evidence of Williams's confession to driving the vehicle during the robberies, and to knowing that the others in the vehicle

2

were planning on committing robberies. Both armed robbery victims also testified, substantially corroborating Williams's confession.

The jury subsequently found Williams guilty of two counts of armed robbery. The trial court sentenced him to 20 years with the first 18 years to serve in confinement. Williams filed a motion for a new trial, claiming, inter alia, that his trial counsel rendered ineffective assistance. The trial court denied the motion, and this appeal followed.

1. *Ineffective Assistance of Counsel*. To prevail on this claim, an appellant must show both that his trial counsel's performance was deficient and that he suffered prejudice as a result. See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). An appellant must satisfy both prongs of the *Strickland* test, and if he fails as to one prong, "it is not incumbent upon [an appellate c]ourt to examine the other prong." *Smith v. State*, 296 Ga. 731, 733 (2) (770 SE2d 610) (2015) (citation and punctuation omitted).

> To establish deficient performance, an appellant must overcome the strong presumption that his counsel's conduct falls within the broad range of reasonable professional conduct and show that his counsel performed in an objectively unreasonable way in light of all the circumstances and prevailing norms. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.

*Jefferson v. State*, 360 Ga. App. 869, 872-873 (3) (862 SE2d 346) (2021) (citations and punctuation omitted). In reviewing a claim of ineffective assistance on appeal, this Court upholds a trial court's factual findings and credibility determinations unless clearly erroneous, but reviews de novo the trial court's legal conclusions. *Walker v. State*, 347 Ga. App. 163, 165 (1) (816 SE2d 849) (2018).

(a) Williams asserts that his trial counsel was ineffective for failing to file a motion for a mental evaluation before the filing deadline. We disagree.

Pretermitting whether trial counsel's late filing of the motion for a mental evaluation constituted deficient performance, Williams cannot show prejudice. The trial court conducted a preliminary hearing as to whether a mental evaluation was necessary by questioning Williams. At the conclusion of the questioning, the trial court determined that a mental evaluation was not required. Importantly, Williams elaborates no arguments as to how the result of the proceedings would have been different had his counsel filed a timely motion, and he similarly identifies no record evidence that could support any such claim. Consequently, Williams is unable to show prejudice based on the late filing of the motion, and his claim of ineffective

4

assistance fails. See *Robinson v. State*, 298 Ga. 455, 463 (6) (782 SE2d 657) (2016) (the defendant bears the burden of proof on both prongs of an ineffective-assistance claim — if he fails to establish either prong, a reviewing court need not examine the other); *Perry v. State*, 269 Ga. App. 178, 180-181 (1) (603 SE2d 526) (2004) (no ineffective assistance of counsel where plea counsel made late request for mental evaluation and the trial court declined to do so, because the record evidence did not put counsel on notice of the need for an in-depth investigation of the defendant's medical history).

(b) Williams contends that his trial counsel was ineffective by "cumulatively prejudicing" him with a combined effect of multiple alleged errors. Again we disagree.

Williams lists the following complaints about his trial counsel: (1) he failed to object to the prosecutor making comparisons to the O. J. Simpson trial in opening statements; (2) he failed to object to the prosecutor not properly laying a foundation to introduce a surveillance video recording; (3) he failed to object to the prosecutor's reference, when introducing redacted video recordings of Williams's interviews with law enforcement, that there were "other things [on the recordings] that aren't relevant" to the case; (4) he failed to raise a motion for directed verdict; and (5) he

failed to object at sentencing when the prosecutor referred to statements made during plea negotiations.

To establish cumulative error, a defendant must show that "at least two errors were committed in the course of the trial[, and] considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied [the defendant] a fundamentally fair trial." *State v. Lane*, 308 Ga. 10, 21 (4) (838 SE2d 808) (2020) (citation and punctuation omitted). "[W]hen reviewing a claim of cumulative prejudice, we evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors." *Flood v. State*, 311 Ga. 800, 808-809 (2) (d) (860 SE2d 731) (2021) (citation and punctuation omitted).

At the outset, we note that Williams has not supported his claims in (1), (2), (4), and (5) with any argument or citation to authority to show that trial counsel's performance was deficient. Thus, these claims are deemed abandoned. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Shields v. State*, 328 Ga. App. 100, 104 (3) (c) (761 SE2d 516) (2014). Even if these claims were not abandoned, Williams cannot show that trial counsel committed two errors in the course of the trial.

6

(1) *Failing to Object to Opening Statement*. Contrary to Williams's argument, the prosecutor did not refer to the O. J. Simpson trial during opening statements. This claim thus presents nothing for us to review.

(2) *Failing to Object to Foundation*. Contrary to Williams's position, trial counsel stated that he would have no objection to the admission of the surveillance video recording "as long as the proper foundation's been laid." Moreover, an eyewitness to the events depicted in the recording testified that it was a fair and accurate representation of the events it depicted; therefore, any objection would have been meritless. See *Pearson v. State*, 311 Ga. 26, 31 (3) (a) (855 SE2d 606) (2021) (a video recording is generally admissible where "one who personally witnessed the events recorded[] testifies that the [recording] accurately portrayed what the witness saw take place at the time the events occurred") (citation and punctuation omitted). And the failure to make a meritless objection is not evidence of ineffective assistance. See *Ballard v. State*, 297 Ga. 248, 255 (6) (i) (773 SE2d 254) (2015).

(3) *Failing to Object to Statements Regarding Redacted Video*. Williams maintains that the prosecutor's references to redacted video recordings of interviews containing "other things that aren't relevant" to the case were "allusions to improper extrinsic evidence and worse, whatever jurors conjure such evidence to be, thus the

comments should have been objected to and a motion for mistrial made."
(Punctuation omitted.) "Reasonable decisions as to whether to raise a specific
objection are ordinarily matters of trial strategy and provide no ground for reversal."
*Ballard*, 297 Ga. at 254 (6) (h) (citation and punctuation omitted). And again, the
failure to make a meritless objection is not evidence of ineffective assistance. See id.
at 255 (6) (i). Williams elaborates no arguments as to what allegedly "improper
extrinsic evidence" may have been "conjure[d]" in the jurors' minds, and he similarly
identifies no record evidence that could shed any light on that conclusory allegation.
He therefore has not met his burden of showing that his trial counsel's performance
was deficient in this respect.

(4) *Failing to Move for a Directed Verdict*. Trial counsel's failure to move for
a directed verdict did not constitute ineffective assistance because Williams was not
entitled to a directed verdict.

> The standard of review for the denial of a motion for directed
> verdict of acquittal is the same as that for reviewing the sufficiency of
> the evidence to support a conviction. Under that standard we view the
> evidence in the light most favorable to the jury's verdict and determine
> whether any rational trier of fact could have found the essential elements
> of the crime beyond a reasonable doubt.

*Hutzel v. State*, 359 Ga. App. 493, 499 (1) (859 SE2d 495) (2021) (citation and punctuation omitted). Given Williams's confession, which the robbery victims substantially corroborated, the evidence presented was sufficient to sustain his conviction. Accordingly, he was not entitled to a directed verdict and counsel's failure to move for the same is not deficient performance. See *Muckle v. State*, 302 Ga. 675, 679 (1) (b) (808 SE2d 713) (2017) (while an uncorroborated confession alone cannot justify a conviction, "no specific manner of corroboration (of the confession) is required, and corroboration in any particular is sufficient") (citation and punctuation omitted); *Jarrett v. State*, 299 Ga. App. 525, 533 (7) (c) (683 SE2d 116) (2009) ("Failure to pursue a futile motion does not constitute ineffective assistance.") (citation and punctuation omitted).

(5) *Failing to Object to Statements at Sentencing*. In his appellate brief, Williams elaborates no arguments as to (a) which of the prosecutor's references during his sentencing hearing to statements made during plea negotiations were improper, (b) who made any such statements, (c) how the references to such statements were improper, or (d) what the legal basis would have been for any potential objections to such references during his sentencing hearing. He therefore

9

has not met his burden of showing that his trial counsel's performance was deficient by failing to object to any such unidentified references.

(6) *Cumulative Prejudice*. Because Williams has failed to establish at least two instances of deficient performance, his cumulative prejudice claim fails. See *Flood*, 311 Ga. at 808-809 (2) (d); *Lane*, 308 Ga. at 21 (4).

2. *Competency Hearing*. Williams argues that the trial court erred by failing to hold a hearing on his mental competency and denying his motion for a mental evaluation. We find no merit in his argument.

Mental competency is presumed, so absent evidence of a defendant's incompetency, a trial court need not conduct a competency hearing. But if the court has sufficient information at the time of trial to raise a bona fide doubt about the defendant's ability to understand the proceedings, appreciate their significance, or assist his lawyer in presenting his defense, the court must conduct a competency hearing. In determining whether the trial court violated [a defendant]'s procedural due process rights by failing to hold a competency hearing, we must focus on three factors: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion[s] regarding the defendant's competence to stand trial. Such an analysis focuses on what the trial court did in light of what it knew at the time of the trial or plea hearing.

10

*Jones v. State*, 343 Ga. App. 180, 182 (2) (806 SE2d 631) (2017) (citations and punctuation omitted).

Here, at the time of the motion, there was nothing before the trial court that raised a bona fide doubt about Williams's ability to understand the proceedings. Notably, in his written motion for a mental evaluation, Williams did not make a single factual allegation calling into question his competency. During the January 2018 motions hearing, Williams's counsel similarly made no argument that reasonably would call into question Williams's competency; counsel's explanation of the basis for his motion was limited to the following: "I've had some concerns since I've represented this young man. They became more, my concerns became more intense, if you would, in, in recent weeks in preparing for today and for trial and also talking again with my client and also the, the family of my client . . . ." Moreover, during that hearing, the trial court engaged in an extended colloquy with Williams, in which the court ensured that Williams — who is a high school graduate — was able to communicate with his counsel and understood the charges against him, the roles of counsel and the trial judge, the State's burden, his right to testify, and the consequences of a guilty verdict. The trial court also ensured that the State was unaware of any evidence that Williams "may have been . . . operating under some

11

kind of delusion or compulsion or that he was in any way unable to distinguish right from wrong."

In his motion for a new trial and appellate brief, Williams again neither alleged any facts nor identified any record evidence that would raise a bona fide doubt as to his ability to understand and meaningfully participate in the proceedings. And while Williams claims that the trial court did not "permit[ him] to present his evidence and argument on the motion," he does not identify what evidence or argument he would have presented, had he been able to do so. Absent such evidence, there are no grounds to cast doubt on the trial court's conclusion that there was insufficient information to call into question Williams's comprehension of and ability to participate in his trial. See *Jones*, 343 Ga. App. at 182-183 (2); cf. *Baker v. State*, 250 Ga. 187, 190 (1) (297 SE2d 9) (1982) ("[W]hen evidence was presented indicating incompetency during the trial, there was a duty on the trial judge to inquire into the issue of competency and hold a hearing on the issue."); *Brogdon v. State*, 220 Ga. App. 31, 33 (1) (467 SE2d 598) (1996) ("[u]pon receiving information which, objectively considered, should reasonably raise a doubt about the defendant's competence," a trial court should conduct a proceeding to determine whether the defendant understands the proceedings and his place therein and can assist in his defense). Consequently,

12

Williams has not shown that the trial court erred in denying his motion for a mental evaluation.

4. Although not raised by either party, Williams's written sentence contains a scrivener's error. While Williams was found guilty by a jury, his final disposition form erroneously indicates that he entered non-negotiated guilty pleas to the two offenses of which he was convicted.[1] "[C]lerical mistakes in judgments may be corrected by the court at any time on its own initiative." *Bartel v. State*, 202 Ga. App. 458, 460 (4) (414 SE2d 689) (1992); see also generally OCGA § 17-1-3. The trial court therefore is instructed to correct this clerical error in the written sentence upon return of the remittitur. See *Bartel*, 202 Ga. App. at 460 (4).

*Judgment affirmed with direction. Division Per Curiam. All Judges concur.*

---

[1] As discussed above, while Williams initially pled guilty in February 2018, the trial court subsequently granted the State's motion to set aside those guilty pleas.