NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 11, 2023

S23A0460. STEELE v. THE STATE.

MCMILLIAN, Justice.

Donald Steele appeals his convictions for felony murder and aggravated assault in connection with the stabbing death of Kevin McGruder.[1] Steele argues on appeal that the evidence was insufficient to support his felony murder conviction and that the trial court should have merged his conviction for aggravated assault into his conviction for felony murder, which was based on aggravated assault. We

---

[1] McGruder was killed on September 24, 2019. Steele was indicted by a Gwinnett County grand jury on December 18, 2019, and charged with one count each of malice murder, felony murder based on aggravated assault, and aggravated assault. He was tried before a jury from April 19 to 23, 2021, and found guilty of felony murder and aggravated assault, but not guilty of malice murder. The trial court sentenced Steele to life in prison on the felony murder count and 20 years in prison on the aggravated assault count, to run concurrently. Steele's trial counsel filed a motion for new trial on April 28, 2021, and new counsel filed an amended motion for new trial on February 9, 2022. The trial court denied the motion for new trial, as amended, on November 29, 2022. Steele filed a timely notice of appeal, and his appeal was docketed to the April 2023 term of this Court and submitted for a decision on the briefs.

conclude that the evidence was sufficient to support Steele's convictions, but the State concedes, and we agree, that his conviction for aggravated assault should have merged into his felony murder conviction. Accordingly, we affirm Steele's conviction for felony murder and vacate his aggravated assault conviction.

Viewed in the light most favorable to the verdict,[2] the evidence at trial showed the following. On September 24, 2019, Steele arranged through a social media app to meet McGruder at a hotel in Norcross to purchase some vape "carts" containing THC oil.[3] A friend drove Steele and his female roommate to the hotel for the meeting. The hotel's surveillance video recording was introduced at trial and showed that Steele and a woman met McGruder in the hotel parking lot, but the woman left while Steele followed McGruder to the other side of the hotel. Surveillance footage from that area showed that Steele and

---

[2] See *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[3] A forensic examiner with the Gwinnett Police Department testified that a vape "cart" is a shorthand phrase for a cartomizer, which "is basically the portion of a vape device" that "vaporizes the contents of the oil," turning it into vapor or smoke, which is then inhaled. He also testified that Steele's cell phone records showed the exchange of texts arranging the meeting.

McGruder engaged in some form of scuffle in the breezeway of the hotel, although most of this interaction was blocked from the camera's view by a column. McGruder later can be seen fleeing the area and running to the front of the hotel, with Steele running after him.

A witness at the scene testified that when McGruder reached the front of the hotel, he yelled that Steele had a knife and had stabbed him. McGruder then fell, and Steele approached with the knife in his hand. The video recording shows that the two struggled for a bit before Steele stabbed McGruder as he lay on the ground. Steele then retrieved something from the pocket of McGruder's pants and walked away. Another witness observed Steele stab McGruder, and she followed Steele as others on the scene attended to McGruder's injuries, but stopped after Steele verbally threatened her. By the time police arrived, McGruder was dead.[4]

Steele called police from a nearby gas station to report what had happened, and he was interviewed by investigators at the police

---

[4] An autopsy showed that McGruder suffered multiple stab wounds and died from stab wounds to his torso, one of which pierced his heart.

station later that night. A video recording of this interview was played for the jury. During the interview, Steele told police that he and his roommate met McGruder to purchase vape carts, but McGruder became agitated that the roommate was there, and Steele told her to go back to the car and wait. According to Steele, McGruder held his hand out and Steele handed him $40 and then followed McGruder around the building. When they reached the other side, McGruder told Steele to leave or he was going to get hurt. Steele then pulled a switchblade out of his pocket and told McGruder to give him his money back. Steele held the knife out of McGruder's reach and made a grab at McGruder's pocket to retrieve the money. The two began to wrestle and McGruder put Steele into a "chokehold." Steele then cut McGruder's arm, and when McGruder did not release his grip, Steele stabbed him in the side. McGruder released him and ran away. Steele said that he was mad because McGruder had threatened him and taken his money, so he ran after him. Steele said that all he wanted was his money, but when he caught up to McGruder and they began to wrestle, he stabbed him again "in a pure rage." He then reached into

4

McGruder's pocket and grabbed his $40.

Steele also recounted these events in his testimony at trial. He stated that he used his knife that night to defend himself after McGruder grabbed him. But Steele also testified that he had no choice but to run after McGruder and stab him again because he was "mad" and wanted his money back. Steele said that "all that mattered" was that he got his money back.

1. On appeal, Steele states that he "respectfully seeks appellate review of the sufficiency of his conviction" for felony murder and recites the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979),[5] without further argument. Although Steele has made no attempt to argue how the evidence was insufficient to support his felony murder conviction under the *Jackson* standard, we conclude that the evidence as recounted above was sufficient as a matter of constitutional due process to support his felony murder conviction. See *Charles v. State*, 315 Ga. 651, 654-55 (2) (884

---

[5] Under that standard, we view the evidence presented at trial in the light most favorable to the verdict and consider whether it was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson*, 443 U.S. at 319 (III) (B).

SE2d 363) (2023) (affirming convictions where defendant asserted that the evidence was constitutionally insufficient but failed to articulate "why he contend[ed] that the trial evidence was insufficient to support his convictions, much less formulated an argument showing that the trial evidence failed to prove an essential element of any crime charged beyond a reasonable doubt"); *Willis v. State*, 315 Ga. 19, 23 (2) n.3 (880 SE2d 158) (2022) (affirming a defendant's convictions where the defendant "cite[d] *Jackson v. Virginia*, [but] ma[de] no argument about the constitutional sufficiency of the evidence" (citation omitted)). Accordingly, we affirm his conviction for felony murder.

2. Steele further argues that the trial court erred in failing to merge his conviction for aggravated assault into his conviction for felony murder based on that offense. The State agrees, and, in fact, on March 29, 2022, the trial court entered an order stating that it would amend the sentence, with the agreement of the parties, to merge the aggravated assault count into the felony murder count. However, no such amendment appears in the record.

"When the only murder conviction is for felony murder and a

6

defendant is convicted of both felony murder and the predicate felony of the felony murder charge, the conviction for the predicate felony merges into the felony murder conviction." *Allen v. State*, 307 Ga. 707, 710-11 (5) (838 SE2d 301) (2020) (citation and punctuation omitted). See also *Brown v. State*, 302 Ga. 813, 816 (3) (809 SE2d 742) (2018); OCGA § 16-1-7 (a) (1) ("When the same conduct of an accused may establish the commission of more than one crime," the accused may not "be convicted of more than one crime if . . . [o]ne crime is included in the other[.]"). Accordingly, the trial court erred in sentencing Steele to the predicate offense of aggravated assault, and we vacate Steele's conviction and sentence for that offense. See *Stewart v. State*, 311 Ga. 471, 477 (3) (858 SE2d 456) (2021); *Waller v. State*, 311 Ga. 517, 523 (3) (858 SE2d 683) (2021).

*Judgment affirmed in part and vacated in part. All the Justices concur.*